Board Com'rs Harper Co. v. Boards Com'rs Woodward, Woods, Ellis Cos.

## BOARD OF COM'RS OF HARPER COUNTY v. BOARDS OF COM'RS OF WOODWARD, WOODS, AND ELLIS COUNTIES.

No. 402.   Opinion Filed January 10, 1911.

*Original Proceeding for Division of County Assets; Will Linn, Esq., Special Master.*

Original action on the petition of Harper county for a division of the assets and liabilities of Woodward county. Report of special master modified and approved..

. *B. F. Willett,* County Attorney, and *Dale, Bierer & Hegler,* for Woodward County.

*C. B. Leedy,* County Attorney, for Ellis County.

*E. J. Dick,* County Attorney, for Harper County.

PER CURIAM: Pursuant to the prayer of a petition filed herein by the county attorney of Harper county, September 17, 1908, this court appointed Hon. Will Linn as special master, in effect, to take testimony concerning the equitable division and distribution of the property, assets, and liabilities derived through process of taxation, bonds, warrants, and other evidence of indebtedness, between Woodward county, as it existed in the territory of Oklahoma, and Harper county, Ellis county, and Woods county, created in whole or in part out of Woodward county, and report to this court a full and complete accounting between said counties.

On the coming in of said report, Woodward county excepted thereto because:

(1) The amount of money on hand in the fiscal agency of Woodward county at the date of statehood was $1,841.19, and not $4,841.19, as found by the master.

(2) Said county was not chargeable as an asset with $7,203 paid out by Harper and Ellis counties for transcribing the records of Woodward county, as found by the master.

(3) The bridge warrants of Woodward county outstanding at the date of statehood were $14,670.78, and not $13,417.72, as found by the master.

(4) Said county was only properly chargeable with half, and not $1,584.00, the entire cost of Beaver river bridge, as found by the master.

The first exception to the report is overruled, for the reason that, while the record discloses that $1,841.19 only was on actual deposit with the fiscal agency on the precise date of the admission of the state into the Union, the master, in effect, found that an additional $3,000 was so soon thereafter deposited with said agent as to fairly raise the presumption that the same might have been at that time, in effect, on hand but actually so deposited about 30 days thereafter. Under the circumstances, the finding of the master that the aggregate of those amounts constituted an asset of Woodward county, to be shared by the counties carved therefrom, is so equitable that we will not disturb the finding.

We have examined the evidence and hold that the Woodward county bridge warrants outstanding on the advent of statehood were Nos. 492, 276, 277, 278, 284, 289, 290, 292, 293, 291, 294, and 295, aggregating $12,114.58, and not $13,417.72, as found by the master, and which includes every warrant contended for as a liability of Woodward county, except warrants Nos. 495, for $1,341.76, and 496, for $1,413.64, aggregating $2,755.40, and which were by agreement of counsel charged by the master as a liability of Ellis county, and for that reason improperly charged by him as a liability of Woodward county.

The exception that Woodward county was only properly chargeable with one-half and not with $5,884, the entire cost of Beaver bridge, as found by the master, cannot be sustained, for the reason that said bridge spans a stream a mile within the borders of said county, and, while it may be true the traffic over it arises principally or almost exclusively within Harper county, yet it would be so inequitable to hold that the people of that county should pay in whole or in part the cost of constructing said bridge, over

which they pass to contribute their wealth to the trade of the parent county, that we will not do so.

The exception that Woodward county was not properly chargeable as an asset with $7,203 paid out by Harper and Ellis counties for transcribing the records of Woodward county, properly belonging to said counties, should be sustained, for the reason the evidence discloses that said Harper and Ellis counties sent their agent and had transcribed such of the records of Woodward county as belonged to said counties and paid the cost of so doing. Had Woodward county performed the work and held as a charge against each of said counties its share of the cost of so doing, we might see how such would form an asset of said county; but as the cost of so doing has been paid by the counties in interest, we cannot see how the same enters into this controversy. This is not contrary to any holding of this court. *In re Settlement Ellis and Roger Mills Counties* this item was adjusted by stipulation between the parties in interest, and for that reason approved but not passed on by this court.

With said item of $7,203 eliminated, and the amount of outstanding Woodward county bridge warrants reduced to $12,114.58 from $13,417.72 as found by the master, as stated, a recast of the master's report shows:

Valuation of the taxable property of the counties in interest November 17, 1907, as agreed:

| | |
|---|---|
| Woodward county | $1,886,637.00 |
| Ellis county | 952,711.00 |
| Harper county | 696,641.00 |
| Woods county | 148,962.00 |
| Total valuation | $3,684,915.00 |

Percentage of taxable value of each county, as agreed:

| | |
|---|---|
| Woodward county | .5119 |
| Ellis county | .2585 |
| Woods county | .0409 |
| Harper county | .1889 |
| Total | 1.002 |

Assets of Woodward county at date of statehood:

| | |
|---|---:|
| Offices .............................................................................. $ | 2,755.00 |
| Bridges ............................................................................... | 22,504.00 |
| Cash on hand ................................................................... | 37,784.00 |
| Delinquent taxes for December, 1907, and January, 1908 ...................................................................... | 6,127.98 |
| Delinquent taxes collected for Woodward county, 1895 to 1906, inclusive.................................... | 6,004.55 |
| Fiscal agency ..................................................................... | 4,841.19 |
| Court house ........................................................................ | 23,000.00 |
| Curtains ............................................................................. | 200.00 |
| Cells .................................................................................. | 2,700.00 |
| Total ........................................................................... $ | 105,916.72 |

Liabilities of Woodward county at date of statehood:

| | |
|---|---:|
| Refunding bonds ............................................................. $ | 20,000.00 |
| Interest on same ............................................................. | 450.00 |
| Outstanding warrants due court house, as per agreement .................................................................. | 14,000.00 |
| Outstanding warrants due and payable for bridges .......................................................................... | 12,114.58 |
| Outstanding warrants ..................................................... | 3,653.77 |
| Total ........................................................................... $ | 50,218.35 |
| Excess of assets over liabilities of Woodward county ......................................................................... $ | 55,698.37 |

Assets of Ellis county at date of statehood:

| | |
|---|---:|
| Bridges, as per agreement.............................................. $ | 5,441.00 |
| Proportionate share of warrants due Day county ........................................................................... | 184.20 |
| Total ........................................................................... $ | 5,625.20 |

Liabilities of Ellis county as follows:

| | |
|---|---:|
| Warrants outstanding and payable by Ellis county ............................................................................ $ | 2,755.40 |
| Assets of Ellis county over liabilities...................... | 2,869.80 |

Assets of Harper county at date of statehood:

| | |
|---|---:|
| Per cent. of warrants of Day county..................  .....$ | 134.70 |
| No liabilities. | |
| Harper county assets over liabilities...................... | 134.70 |

Assets of Woods county at date of statehood:

| | |
|---|---:|
| Red Horse bridge ........................................................... $ | 2,777.40 |
| Per cent. of Day county warrants.............................. | 29.50 |
| Total ........................................................................... $ | 2,806.90 |
| No liabilities. | |
| Total assets over liabilities........................................ $ | 2,806.90 |

Board Com'rs Harper Co. v. Boards Com'rs Woodward, Woods, Ellis Cos.

| | |
|---|---:|
| Net assets of Woodward county .......................... $ | 55,798.37 |
| Net assets of Ellis county ........................................ | 2,869.80 |
| Net assets of Harper county .................................. | 134.70 |
| Net assets of Woods county .................................... | 2,806.90 |
| Net total assets .............................................. $ | 61,509.77 |
| .5119 per cent. net assets of Woodward county.. $ | 31,456.85 |
| .2585 per cent. net assets of Ellis county.............. | 15,890.27 |
| .1889 per cent. net assets of Harper county........ | 11,729.19 |
| .0409 per cent. net assets of Woods county.......... | 2,515.74 |
| Total ................................................................. $ | 61,572.05 |

We are therefore of opinion that Woodward county is entitled to retain .5119 per cent., or $31,456.85, of the total assets. That from the .2585 per cent., or $15,890.27, total net assets due Ellis county, there should be deducted $2,869.80, the net assets of that county, leaving the amount due from Woodward county to Ellis county $13,020.47. That from the .1889 per cent., or $11,729.19, of the total net assets due Harper county, there should be deducted $134.70, the net assets of that county, leaving due from Woodward county to Harper county $11,594.49. That from the net assets of Woods county, or $2,806.90, there should be deducted .0409 per cent., or $2,515.74, of the total net assets of Woods county, leaving $291.85 due from Woods county to Woodward county.

In so recasting this account we have not been unmindful of other exceptions taken thereto before the master but not relied on in the brief filed by Woodward county in this court, which said exceptions are overruled. Among said exceptions is that the master erred in failing to charge $2,000, the value of the court house square, as an asset of said county. Not so, for the reason the proof shows that said square became an asset of said county by private donation of certain residents of Woodward, the county seat thereof, and hence, in this instance, we will not hold the same an asset subject to division between the counties in interest. Except as indicated, the report of the master is affirmed.

It is therefore ordered, adjudged, and decreed that Ellis county have and recover judgment against Woodward county for $13,020.47; that Harper county have and recover judgment against

Woodward county for $11,594.49; that Woodward county have and recover judgment against Woods county for $291.85; that the same be due and payable one year from this date, together with 6% interest thereon from date until paid; that the motion to retax the costs of this proceeding be sustained; that .5919%, or $201.85, thereof be paid by Woodward county; that .2885%, or $101.75, be paid by Ellis county; that .0409%, or $16.10, be paid by Woods county; and that .1889%, or $74.50, be paid by Harper county; for all of which let execution issue.

All the Justices concur, except DUNN, J., not participating.