## BUCK v. DICK.

No. 1964. Opinion Filed January 10, 1911.

1. **COURTS—Criminal Court of Appeals—Constitutionality.** The act of May 18, 1908 (Session Laws 1907-8, p. 291), creating the Court of Criminal Court of Appeals is not repugnant to section 2, art. 7, of the state Constitution.

2. **SAME—Jurisdiction.** Same as that of Byers v. Territory, 24 Okla. 811, 105 Pac. 998.

3. **SAME.** The act of May 18, 1908, supra, had the effect of conferring jurisdiction upon the Criminal Court of Appeals as to criminal cases pending in the Supreme Court of the state at the time of the creation of said court, which had been transferred to said court from the Supreme Court of Oklahoma Territory.

4. **APPEAL AND ERROR—Specification of Error—Necessity—Constitutional Law—States—Criminal Procedure.** The sixth amendment to the federal Constitution does not operate upon or limit the powers or agencies of the states.

   (a) Where it is alleged in relator's petition that the 6th amendment to the federal Constitution has been violated, and in the brief and oral argument no attempt is made to point out such violation, such question will be treated as waived.

(Syllabus by the Court.)

*Original Proceeding in Habeas Corpus.*

*Habeas corpus* by Frank Buck against R. W. Dick, Warden of the State Penitentiary. Writ quashed.

*E. G. McAdams,* for relator.

WILLIAMS, J. The relator having been convicted in the district court of Woods county of the crime of larceny and sentenced to serve a term of six years in the penitentiary, an appeal was prosecuted to the Supreme Court of the territory of Oklahoma, where it was pending at the time of the erection of the state. It was then transferred to the Supreme Court of the state, where it remained undetermined until the creation of the Criminal Court of Appeals on May 18, 1908 (Session Laws 1907-8, p. 291). Thereupon it was transferred to that court, where the judgment of the trial court was affirmed.

The relator insists that he should be discharged from custody for the following reasons:

(1) That the act of May 18, 1908, *supra,* creating the Criminal Court of Appeals is repugnant to section 2, art. 7 of the state Constitution.

(2) That section 17 of the Enabling Act, as amended March did not have the effect of conferring jurisdiction of said appeal upon the Criminal Court of Appeals.

(3) That section 17 of the Enabling Act, as amended Mar. 4, 1907 (34 U. S. Stat., p. 1286), having provided that all criminal proceedings pending in the Supreme Court of the territory of Oklahoma should be proceeded with, held, and determined by the Supreme Court, or other final appellate court of this state, as the successor of the Supreme Court of the territory of Oklahoma, subject to the same right to review upon appeal or writ of error to the Supreme Court of the United States then allowable from the supreme or final appellate court of a state under existing law, no other court of the state could have jurisdiction to pass on said appeal except the Supreme Court.

(4) That relator is held in custody in violation of the 6th amendment to the federal Constitution.

1. The appellate jurisdiction of this court as to criminal cases was co-extensive with the state "until a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases shall be established by law." The question arises as to whether the act of May 18, 1908, had the effect of creating a Criminal Court of Appeals with exclusive appellate jurisdiction as contemplated by section 2, art. 7 of the Constitution. Appellate jurisdiction, strictly speaking, is exercised by revising the action of inferior courts and remanding the cause for the rendition and execution of the proper judgment. *Dodd v. Duncan,* 12 B. J. Lea (Tenn.) 731; *State ex rel. et al. v. Anthony et al.,* 65 Mo. App. 543. Section 2 of the act of May 18, 1908, *supra,* provides:

"The Criminal Court of Appeals shall have exclusive appellate jurisdiction in all criminal causes appealed from county and

district courts in this state. If any cause appealed to the Criminal Court of Appeals, in which the construction of the Constitution of the state, or of the United States, or any act of Congress is brought in question, the said Criminal Court of Appeals shall certify to the Supreme Court of the state the question involving the construction of the Constitution of this state or of the United States, or, any act of Congress, for final determination of the question so certified. Thereupon all further proceedings in said cause in the Criminal Court of Appeals shall await the decision of the Supreme Court upon such question. Upon the final decision of such question by the Supreme Court, said Supreme Court shall certify its decision on such question to the Criminal Court of Appeals, and said decision of such question by the Supreme Court shall govern said Criminal Court of Appeals. The Supreme Court shall give precedence to all questions certified to it by the Criminal Court of Appeals under this section."

In *Byers v. Territory* 24 Okla. 811, section 9 of the act of May 18, 1908, *supra,* in connection with other provisions thereof, was construed, wherein it was held to have been intended by said act to confer jurisdiction upon the Criminal Court of Appeals in all criminal cases not only appealed thereafter from judgments in the district and county courts, but also of all criminal cases then pending in the Supreme Court of the state, including proceedings transferred from the Supreme Court of the territory after the erection of the state. We see no sufficient reason for revising or changing that construction.

It follows that after the passage of the act of May 18, 1908, a Criminal Court of Appeals with exclusive appellate jurisdiction in all criminal cases was established by law. For it could not be said that the procedure for the certifying of such questions by said court to the Supreme Court was the exercise of appellate jurisdiction, as the term is used in section 2, art. 7, *supra.* There was no revising the action of any inferior court and remanding the cause for the rendition and execution of the proper judgment. The certifying of such questions was that there might be harmony between the two appellate courts as to the construction of the state

Constitution and matters involving federal questions. This could have been provided for only on the assumption that the judgment of the Criminal Court of Appeals thereon would, so far as state tribunals were concerned, be final. This being so, if a federal question was involved in such cases, to which court would a writ of error run from the Supreme Court of the United States? It seems clear that it would be the Criminal Court of Appeals, the court pronouncing the final appellate judgment.

2. That question has been determined adversely to relators by the decision of this court in *Byers v. Territory, supra.*

3. If section 17 of the Enabling Act, as amended March 4, 1907, means as contended by relator, it was modified by section 2, art. 7 of the state Constitution. For in case of a conflict between a provision of the Constitution of this state, as framed at the time of its admission, and of the Enabling Act, the latter falls. *Vaughn v. Williams,* 28 Fed. Cas., p. 1115, No. 16,903; 3 McLean, 530; 3 West. Law Journal, 65; 3 Law Rep. 375; *Romine v. State et al.,* 7 Wash. 215, 34 Pac. 924; *Edwards v. Leseuer,* 132 Mo. 410, 33 S. W. 1130; *Atwater v. Hassett et al.,* 27 Okla. 293; But said sections 17 of the Enabling Act and 26 of the Schedule seem to harmonize (*Rice v. Montana,* 204 U. S. 289) with the construction given to section 2, art. 7, *supra.*

4. The relator has not attempted to point out in what manner he has been deprived of any rights guaranteed to him by the 6th Amendment to the federal Constitution. Hence, that ground, under the rules of this court, is waived. Further, that said amendment does not limit the powers of the states or their agencies has been many times held by the Supreme Court of the United States. *Spies v. Illinois,* 123 U. S. 131; *Eilenbecker v. Dist. Court,* 134 U. S. 31; *Brown v. New Jersey,* 175 U. S. 172; *Maxwell v. Dow,* 176 U. S. 581; *West v. Louisiana,* 194 U. S. 258; *Howard v. Kentucky,* 200 U. S. 164; *Ughbanks v. Armstrong,* 208 U. S. 487.

The writ is quashed and the prisoner remanded to the custody of the State Warden.

, All the Justices concur.