## HERNDON v. HAMMOND, *County Judge.*

### No. 2362.   Opinion Filed May 9, 1911.

### (115 Pac. 775.)

1. **PROHIBITION—Grounds.** A writ of prohibition will not be awarded when the ordinary and original remedies provided by law, such as a writ of error, certiorari, or other modes of review or injunction, are available.

    (a) In criminal cases, neither appeal, habeas corpus, nor certiorari, as a rule, would be a plain, speedy, or adequate remedy.

    (b) As a rule in criminal cases, when the court under all contingencies is plainly without jurisdiction, prohibition is available.

2. **COURTS—Jurisdiction—Criminal Court of Appeals—Prohibition.** The Criminal Court of Appeals having been specially created for the adjudication on appeal of all matters involving criminal offenses, and having jurisdiction by means of prohibition, as well as exclusive jurisdiction on appeal, to determine the question as to the jurisdiction of the municipal court of McAlester over the offense of selling intoxicating liquors contrary to an ordinance of said municipality and having held in favor of such jurisdiction, such holding, being at least persuasive and supported by authority, is followed by this court.

(Syllabus by the Court.)

Application by Tom Herndon for a writ of prohibition against B. P. Hammond, County Judge. Writ denied.

*J. G. Harley* and *J. R. Miller,* for plaintiff.
*T. D. Davis,* for defendant.

WILLIAMS, J. On November 26, 1910, a complaint was lodged with the municipal judge of the city of McAlester, charging the plaintiff with unlawfully selling certain intoxicating liquors, contrary to an ordinance of said municipality. A capias issued and plaintiff, being apprehended, on trial was convicted and sentenced. An appeal was prosecuted from said judgment by the plaintiff to the county court of Pittsburg county. In the municipal court the plaintiff raised the question of its jurisdiction of said action, and renewed the same in the county court. In each tribunal the contention was overruled. Thereupon plaintiff applied to this court for a writ of prohibition to restrain the county court from proceeding to a final trial of said action.

In *Evans v. Willis,* 22 Okla. 313, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Am. & Eng. Ann. Cas. 258, it was held that a writ of prohibition would not be awarded when the ordinary and original remedies provided by law, such as an appeal, writ of error, certiorari, or other modes of review or injunction, are available, but that in criminal cases neither an appeal, *habeas corpus,* nor a certiorari would be a plain, speedy, or adequate remedy. And in that case the writ of prohibition was awarded. At that time this court had appellate jurisdiction as to all criminal cases. Section 2, art. 7, of the Constitution. Since then exclusive appellate criminal jurisdiction has been vested in the Criminal Court of Appeals. *Buck v. Dick,* 27 Okla. 854, 113 Pac. 920, decided at the January, 1911, term of this court. From the judgment of the county court an appeal would lie direct to the Criminal Court of Appeals. Also the Criminal Court of Appeals has jurisdiction to issue writs of prohibition to restrain the county court from proceeding to judgment on this complaint if it has not jurisdiction. *Ex rel. Eubanks v. Cole,* 4 Okla. Cr. 25, 109 Pac. 736.

In *Ex parte Justus,* 26 Okla. 101, 110 Pac. 907, in an opinion by this court, it is said:

"The Court of Criminal Appeals of Texas has practically the same jurisdiction as the Criminal Court of Appeals of this state. In *Griffin v. Tucker, County Atty.,* 102 Tex. 420, 118 S. W. 635, the Supreme Court of Texas said: 'Ordinarily this court follows the construction given to penal statutes by the Court of Criminal Appeals, since the enforcement of such statutes must be in accordance with such construction; but the decisions of questions coming within the scope of cases of contested elections is intrusted to the civil courts, and must be in accordance with constitutional and statutory provisions.' This seems to be a salutary rule."

In *Flood v. State,* 27 Okla. 752, 113 Pac. 914, recently decided by this court, this rule was again announced and adhered to. In *Ex parte Simmons,* 4 Okla. Cr. 662, 112 Pac. 951, the question as to the jurisdiction of the municipal court in such cases has been determined against the contention of the plaintiff by the Criminal Court of Appeals, and adhered to on a rehearing. Under the Constitution (section 2, art. 7) and the statutes of this state, this tribunal has been especially created for the adjudication of all matters on appeal involving criminal offenses. This tribunal having jurisdiction of appeal to determine as to the matters here involved, and being of matters pertaining exclusively to criminal offenses, we feel constrained to follow its holding thereon.

The writ is denied.

All the Justices concur.