**HALL v. WELCH, District Judge, et al.**

No. 22187. Opinion Filed Sept. 22, 1931.

Hal Welch, for relator.

O. A. Brewer, Co. Atty., and J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for respondents.

McNEILL, J. On the 21st day of March, 1931, a petition for a writ of prohibition was filed in this court by relator, George W. Hall, against the respondents, Honorable Earl Welch and Honorable George T. Arnett, district judges of the 27th Judicial District of the state of Oklahoma, and of the district court of Choctaw county, Okla., praying that said district court and said district judges be prohibited from prosecuting said relator in three criminal cases in said district court of said county wherein the state of Oklahoma is plaintiff and said relator is defendant.

Said relator was charged in four separate cases with receiving stolen property from two negroes, Joe Carey and Sheb Wilson, and was held to await the action of the district court of said county to answer each of said charges. Said negroes were also charged with grand larceny of the same property. While the informations charging him with such offenses were pending against him in said court, he was called before Honorable T. W. Hunter, county judge of

said county, the acting magistrate, by subpoena, to testify as a witness concerning this property in the preliminary hearing of said negroes. Upon advice of his attorneys he informed the magistrate that he was being prosecuted in connection with this action, and relying upon his constitutional rights refused to answer the questions concerning receiving the property upon the grounds that it would tend to incriminate him. Whereupon, he was ordered to testify and committed for contempt for his failure to do so. He was promptly released on a writ of habeas corpus on the grounds that the acting magistrate did not have authority to compel him to testify or commit him for his refusal to do so. Thereafter, one of the cases in which he was charged came on for trial. He took the stand in his own behalf and voluntarily testified concerning his receiving possession of 'the 'property which he was charged with receiving, and being the property which the negroes stood charged with stealing. He was convicted by a jury and thereafter was again subpoenaed to appear before the same magistrate to again testify in a preliminary examination of said negroes. He again refused to testify, and under threat of imprisonment for contempt of court, he was directed to answer the questions propounded to him concerning this property, and which relator did, and relator contends that he answered the questions fully and truthfully, which assertion does not seem to be controverted by respondents. Thereafter, the remaining cases pending against relator were placed upon the trial docket of said district court. Relator filed a plea in bar, and same was overruled by the court, and thereupon this writ of prohibition was applied for by relator in the Supreme Court of this state.

The relator contends that the petition for writ of prohibition is the proper remedy, and relies on section 27, art. 2, of the Constitution of the state of Oklahoma, which provides as follows:

"Any person having knowledge or possession of facts that tend to establish the guilt of any other person or corporation charged with an offense against the laws of the state, shall not be excused from giving testimony or producing evidence, when legally called upon so to do, on the ground that it may tend to incriminate him under the laws of the state; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence."

And further contends that by reason of said section of the Constitution, said relator should not only be free from punishment but immune from prosecution as well, and that the action of the district court of Choctaw county, Okla., and the judges thereof, in setting said causes for trial is an unauthorized application of judicial force and is an attempt on the part of the said court and the judges thereof to exercise judicial power unauthorized by law. On the other hand, the respondents assert:

"First. That the writ of prohibition is not the proper remedy, and the writ should not issue.

"Second. That T. W. Hunter, acting magistrate, under the circumstances in the present case, did not require the petitioner to give testimony to incriminate himself and did not legally call upon petitioner to so give such testimony, and as acting magistrate was without authority so to do.

"Third. The defendant is not entitled to immunity for the reason that he voluntarily gave the testimony and has not been legally called upon to give it over his objection."

Section 21 of article 2 also deals with the subject of incriminating evidence and is as follows:

"Evidence against one's self-jeopardy. No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided; nor shall any person, after having been once acquitted by a jury, be again in jeopardy of life or liberty for that which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

In the case of Jeter v. District Court of Tulsa County, 87 Okla. 3, 206 Pac. 831, this court considered an application for a writ of prohibition against the district court of said county and the Honorable Redmond S. Cole, district judge thereof, to prohibit said district court of said county from proceeding with the trial of Erwin L. Jeter, the relator, in said district court on an information charging said relator with murder. The said Jeter had interposed in said court his plea in bar on the ground of former jeopardy. The trial court overruled said plea and said defendant thereupon sought in this court a writ of prohibition against said district court. The court stated in paragraphs 3, 4, 5, and 6 of the syllabus, as follows:

"3. The question of former jeopardy is not properly presented for determination by this court on a petition for a writ of prohibition.

"4. Prohibition is an extraordinary writ and cannot be resorted to when the ordinary and usual remedies provided by law are

available. It will only issue where an inferior tribunal does not have jurisdiction or assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force.

"5. Where a defendant in a criminal action has an adequate remedy by appeal, and the district court has jurisdiction of the person of the defendant and jurisdiction to try the crime charged against the defendant, a petition, alleging former jeopardy, and asking this court to issue a writ of prohibition to prevent the trial court from trying such criminal action, is an attempt to invoke the appellate jurisdiction of this court in a criminal action.

"6. By the Constitution and statutes, the Criminal Court of Appeals is vested with exclusive appellate jurisdiction in criminal cases: therefore, this court does not have jurisdiction to issue the writ of prohibition in this case."

Relator relies on the case of Evans v. Willis, 22 Okla. 310, 97 P. 1047. In that case a criminal information was drawn, verified, and filed by a private prosecutor. In that case, this court awarded the writ on the ground that the county court was without jurisdiction upon the record and admitted facts, and that no other adequate remedy was provided by law. This case arose and was determined before the creation of the Criminal Court of Appeals. In this case the court found that there was entire lack of jurisdiction on the part of the inferior tribunal, and it was for that reason, to wit. an entire lack of jurisdiction, that the court granted the writ of prohibition. The court stated therein as follows:

"* * * Such writ will not be issued on account of errors or irregularities in the proceedings of a court having jurisdiction, or on account of insufficiency of averment or pleading, or upon matters of defense which may be properly raised in the lower court. Ex parte Branch, 63 Ala. 383; Epperson v. Rice, 102 Ala. 668, 15 South. 434; Clark v. Superior Court, 55 Cal. 199; 16 Enc. Pl. & Pr. p. 1126, and authorities cited in footnotes 2-4. The better rule appears to be that the writ will be issued where the lower court appears to be without jurisdiction upon the record and admitted facts. 16 Enc. Pl. & Pr. p. 1128, and authorities cited in footnotes 1 and 2. Such extraordinary writ will not be awarded when the ordinary and usual remedies provided by law, such as appeal. writ of error. certiorari, or other modes of review or injunction are available. Ex parte Smith, 23 Ala. 94; Ex parte Smith, 34 Ala. 455; Ex parte Scott, 47 Ala. 609; Ex parte Reid. 50 Ala. 439; Ex parte Mobile, etc., R. Co., 63 Ala. 349; Weaver v. Leatherman. 66 Ark. 211, 49 S. W. 977; 16 Enc. Pl. & Pr. p. 1130. and authorities cited in footnote 2. * * * The writ will not be issued on account of the inconvenience, expense, or delay of other remedies, but will be granted where the remedy available is insufficient to prevent immediate injury or hardship to the party complaining, particularly in criminal cases. * * *

"It appearing as a matter of record that the information exhibited in the court below was by a private prosecutor, and it being admitted in the answer of the respondent that the county attorney had refused to file an information against the relator, and no other officer authorized by law having filed such information, the county court is without jurisdiction to try said cause."

In the case at bar there is no question as to the jurisdiction of the district court. This court had jurisdiction of the person and subject-matter, and the general rules stated in the case of Evans v. Willis are correct and constitute the law where the trial court has no jurisdiction.

In the case of Herndon v. Hammonds, 28 Okla. 617, 115 P. 775, Mr. Justice Williams, who also wrote the opinion in the case of Evans v. Willis, supra, speaking for the court, in distinguishing the case of Evans v. Willis, says:

"It was held that a writ of prohibition would not be awarded when the ordinary and original remedies provided by law, such as an appeal, writ of error, certiorari, or other modes of review or injunction, are available, but that in criminal cases neither an appeal, habeas corpus nor a certiorari would be a plain, speedy or adequate remedy. And in that case the writ of prohibition was awarded. At that time this court had appellate jurisdiction as to all criminal cases. Section 2, article 7 of the Constitution. Since then exclusive appellate criminal jurisdiction has been vested in the Criminal Court of Appeals. Buck v. Dick, 27 Okla. 854, 113 P. 920, decided at the January, 1911, term of this court. From the judgment of the county court an appeal would lie direct to the Criminal Court of Appeals. Also, the Criminal Court of Appeals has jurisdiction to issue writs of prohibition to restrain the county court from proceeding to judgment on this complaint if it has not jurisdiction. State ex rel. Eubanks v. Cole, 4 Okla. Cr. 25, 109 P. 736. * * * Under the Constitution (section 2, article 7) and the statutes of this state, this tribunal has been especially created for the adjudication of all matters on appeal involving criminal offenses. This tribunal having jurisdiction of appeal to determine as to the matters here involved, and being of matters pertaining exclusively to criminal offenses, we feel constrained to follow its holdings thereon. The writ is denied."

In the Herndon Case, supra, this court denied the writ of prohibition on the ground that exclusive appellate criminal jurisdiction was vested in the Criminal Court of

Appeals by virtue of section 2, article 7, of the Constitution. In that case the court also said:

"In Ex parte Simmons, 4 Okla. Cr. 662, 112 P. 951, the question as to the jurisdiction of the municipal court in such cases has been determined against the contention of the plaintiff by the Criminal Court of Appeals, and adhered to on a rehearing. Under the Constitution (section 2, art. 7) and the statutes of this state, this tribunal has been especially created for the adjudication of all matters on appeal involving criminal offenses. This tribunal having jurisdiction of appeal to determine as to the matters here involved, and being of matters pertaining exclusively to criminal offenses, we feel constrained to follow its holding thereon."

It is apparent that it is the rule of this jurisdiction that the writ of prohibition should not issue out of this court involving criminal offenses unless it clearly appears from the record that the trial court has no jurisdiction.

In the case of Ex parte Patman, 1 Okla. Cr. 141, 95 P. 622, Patman, who was being held in jail awaiting trial, claimed he was not subject to further prosecution by reason of having been forced to give incriminating evidence. The remedy sought to restrain the unauthorized force was by habeas corpus to release the prisoner. The principle concerned is the same. The court, in the opinion by Mr. Justice Williams, in denying the writ of habeas corpus stated:

"In this case, the relator being held by virtue of an indictment pending in a court of competent jurisdiction and over parties within its jurisdiction, it is certainly its right and duty to proceed to its final determination without interference from any other tribunal. In the case of United States v. Armour & Co. (D. C.) 142 Fed. 818, Humphrey, district judge, says '* * * That the officer or agent of a corporation, if the facts bring him within the purview of the law may plead such immunity.' In the case of Hale v. Hinkle, 201 U. S. 68, 26 Sup. Ct. 376, 50 L. Ed. 663, the Supreme Court of the United States says: 'The suggestion that a person who has testified compulsorily before a grand jury may not be able, if subsequently indicted for some matter concerning which he testified, to procure the evidence necessary to maintain his plea, is more fanciful than real.' Where shall the party charged with a crime by indictment plead such immunity? Certainly not in another court in a proceeding for writ of habeas corpus, but in the court where the indictment is pending, just like any other plea in abatement or bar may be made and entertained. Writ of habeas corpus denied."

A discussion of the question of whether the acting magistrate, who in this case was the county judge, was without authority to legally call upon and compel relator to give testimony incriminating himself and grant immunity, goes to the merits of the controversy properly to be heard before the district court, and on appeal to the Criminal Court of Appeals of this state. Suffice it to say that this court stated in the case of Marshal v. Sitton, 68 Okla. 176, 172 P. 964, as follows:

"* * * When the judge of the county court sits as an examining and committing magistrate, in a preliminary examination before him, his power and duties should be the same as those exercised in like cases by any other examining and committing magistrate."

In the case of Scribner v. State, 9 Okla. Cr. 465, 132 P. 933, Judge Furman, speaking for the court, discussed the general question of immunity, which was claimed in that case by reason of incriminating testimony having been given before the grand jury, and also discussed the power of examining magistrates and county attorneys and the courts of competent jurisdiction to grant immunity. In the body of the opinion the court states:

"Immunity should only be granted when the ends of justice are subserved thereby and while prosecuting attorneys may make agreements, yet this matter should always be subject to the discretion and approval of the court. This is the rule we intend to enforce in Oklahoma."

Continuing, the court stated:

"There is no logical escape from the conclusion that under our constitutional provisions and our statutes, immunity can only be secured by the action of a court having jurisdiction to finally try the matters with reference to which the immunity is claimed. In a trial before a justice of the peace he may compel a witness to answer questions which would incriminate such witness as to any matter within the jurisdiction of the justice of the peace for final trial, but beyond this he cannot go. If he could, he would have power to bind the county court, the superior court, the district court, and this court. In states in which a county attorney may enter a nolle prosequi without the consent of the court, he may grant immunity by contract without the approval of the court, but he cannot do so in this state. Under our system immunity is a judicial question which must be passed upon and decided alone by the court having jurisdiction to finally try the matters involved in the immunity claimed. * * * If the judge denies the plea of immunity, the evidence in support thereof can be preserved in a bill of exceptions and incorporated in the record in case of a conviction and appeal, and can be reviewed by this court. * * *"

**210**

In the case of Kedney v. Hooker, 144 Okla. 148, 289 P. 1108, this court stated in reference to the issuance of writ of prohibition as follows:

"Where the inferior court has jurisdiction to do what the relator claims the court is about to do, then the writ of prohibition will be withheld. If it does not, prohibition ordinarily will lie, if there is no other adequate remedy."

In the case at bar, the district court of Choctaw county has full jurisdiction of the subject-matter, the criminal prosecution, and jurisdiction of the defendant, and has jurisdiction to finally try all matters in connection with such prosecution, from which determination an appeal lies to the Criminal Court of Appeals of this state. That court has jurisdiction to correct any errors of the district court, and writ of prohibition should not be issued on account of any errors or irregularities which may or may not occur in the proceedings of a court having jurisdiction. The sufficiency of the defense may be properly raised in the lower court, and the fact that there may be error committed, irregularity or mistake of the court having jurisdiction, does not warrant this court in the issuance of his extraordinary remedy by prohibition. This is not a case where this court should assume jurisdiction.

The writ of prohibition is denied.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, and KORNEGAY, JJ., concur. LESTER, C. J., disqualified and not participating. ANDREWS, J., absent.

Note.—See under (2) Annotation in 3 L. R. A. 57; 22 R. C. L. 5; R. C. L. Perm. Supp. p. 5167; R. C. L. Pocket Part, title Prohibition, § 4