### *Ex parte* JUSTUS.

No. 1377. Opinion Filed April 19, 1910.

HABEAS CORPUS—Decisions of Criminal Court of Appeals as Controlling. The relator having applied to the Criminal Court of Appeals of this state for his enlargement on a writ of habeas corpus, and such application having been denied, and the relator thereafter making application to this court for a writ of habeas corpus on the identical grounds, the conclusion reached by that court appearing to be correct, the same is here denied.

(Syllabus by the Court.)

Original application for writ of *habeas corpus* by Edward B. Justus. Denied.

*Eubanks & Elder,* for relator.

*S. C. Matson,* Assistant Attorney General, for respondent.

WILLIAMS, J. The relator, making original application to this court for writ of *habeas corpus,* shows that he was apprehended in May, 1898, on the charge of murder, alleged to have been

committed in Kay county, Oklahoma Territory; that he was indicted for said offense on the 12th day of September, A. D. 1908, and moved for change of venue, which was overruled. Having been arraigned and entering his plea of not guilty, on the 26th day of September, 1898, he was placed on trial and found guilty of the crime of murder. On the 30th day of said month, judgment was rendered on said verdict, sentencing him to life imprisonment. He appealed from said judgment and sentence, which on the 3rd day of January, 1900, was dismissed by the Supreme Court of Oklahoma Territory. Under said sentence, he was confined in the territorial prison at Lansing in the state of Kansas. Whilst so confined, he applied to the Supreme Court of that state for discharge on writ of *habeas corpus* on the ground that the district court in which the indictment was returned lost jurisdiction of said cause when the motion for change of venue was filed. This contention was overruled on October 11, 1902, and the relator remanded to the custody of the warden of said prison. (See 70 Pac. at p. 354.) On January 10, 1909, relator was removed from Lansing in the state of Kansas to the state prison at McAlester, Okla. On July 7, 1909, he applied to the Criminal Court of Appeals for his discharge on writ of *habeas corpus* on the ground that the trial court was divested of jurisdiction when the motion for change of venue was filed, and said Court of Appeals on October 5, 1909, sustained his contentoin, but ordered him to be remanded to the sheriff of Kay county to be held for trial on the indictment in said case. (See *Ex parte Justus,* 3 Okla. Cr. 111, 104 Pac. 933.) On the 12th day of November, 1909, before the prisoner had been delivered to the custody of the sheriff of Kay county, he filed an application for writ of *habeas corpus* in the superior court of Pittsburg county, alleging that he was restrained by reason of the indictment returned in 1898 and therefore illegally, which application on the 20th day of November, 1909, was denied. On the 4th day of December, 1909, petitioner again made application to the Criminal Court of Appeals for writ of *habeas corpus* on the ground that he had been denied his legal and constitutional right to a

speedy trial and setting up the identical facts that are here alleged in this petition. On the 18th day of December, 1909, the following opinion on said application was delivered by said court, to wit:

"The petitioner, Edward B. Justus, on December 3, 1909, filed in this court, a petition, signed and verified by his oath, wherein he avers that he is unlawfully restrained of his liberty by one R. E. Rader, sheriff of Kay county, at and in the common jail of said county. For the reason stated therein the petitioner prays that the writ of *habeas corpus* be allowed and that he be discharged. On said day there was also filed an agreed statement of facts. We do not deem it necessary to further consider this cause than to state that in the case of *Ex parte Justus,* 3 Okla. Cr. 111, 104 Pac. 933, opinion rendered October 25, 1909, the petitioner was by a decision of this court remanded to the custody of the sheriff of Kay county, with direction to the district court of said county to proceed in accordance with the views of this court as expressed in said opinion. For this reason the application for a writ of *habeas corpus* is denied." (3 Okla. Cr. 338, 105 Pac. 1119.)

Section 2, art. 7 of the Constitution of this state provides:

"The appellate jurisdiction of the Supreme Court shall be co-extensive with the state, and shall extend to all civil cases at law and in equity, and to all criminal cases until a criminal court of appeals with exclusive appellate jurisdiction in criminal cases shall be established by law. *   *   * "

Section 7, art. 2, ch. 14, at p. 171, Sess. Laws Okla. 1909, provides:

"The Criminal Court of Appeals shall have exclusive appellate jurisdiction in all criminal cases appealed from county and district courts in this state, and such other courts as may be established by law."

Section 9 provides:

"The Criminal Court of Appeals shall have exclusive appellate jurisdiction co-extensive with the limits of the state in all criminal cases. *   *   * "

Section 10 provides:

"Said court and judges thereof shall have the power to issue writs of *habeas corpus;* and, under such regulations as may be prescribed by law, issue such writs as may be necessary to exercise its jurisdiction; *   *   * "

The Court of Criminal Appeals of Texas has practically the same jurisdiction as the Criminal Court of Appeals of this state. In *Griffin v. Tucker, County Atty.* (Tex.) 118 S. W. 635, the Supreme Court of Texas said:

"Ordinarily this court follows the construction given to penal statutes by the Court of Criminal Appeals, since the enforcement of such statutes must be in accordance with such construction; but the decision of questions coming within the scope of cases of contested elections is intrusted to the civil courts and must be in accordance with constitutional and statutory provisions."

This seems to be a salutary rule. See, also, *Ex parte Patman,* 20 Okla. 846, 95 Pac. 622; *Ex parte Johnson,* 1 Okla. Cr. 286, 97 Pac. 1023; *State ex rel. Sims v. Caruthers, Judge,* 1 Okla. Cr. 428, 98 Pac. 474; sec. 6207 Comp. Laws of Okla. 1909.

The writ is denied.

All the Justices concur.