## NABERT BONAPARTE v. STATE.

No. A-231.   Opinion Filed January 5, 1911.

1. **INDICTMENT—Necessity—Felonies Antedating Statehood.** Ar-
ticle 5 of the amendments to the Constitution of the United
States, providing that "no person shall be held to answer for a
capital, or otherwise infamous crime, unless on a presentment
or indictment of a grand jury," guarantees to a defendant
charged with the commission of a felony in the Indian Terri-
tory prior to statehood an unalterable right to be accused by
indictment only.

2. **SAME—Jurisdiction.** In such cases the indictment is a neces-
sary prerequisite to give the court jurisdiction.

(Syllabus by the Court.)

*Appeal from District Court, Pushmataha County; Malcolm E.
Rosser, Judge.*

Nabert Bonaparte was convicted of uttering a forged instru-
ment, and appeals. Reversed and remanded.

*J. B. Whitehead,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, Judge. Nabert Bonaparte, plaintiff in error, was prosecuted for the crime of uttering a forged instrument, alleged to have been committed in that part of the Indian Territory that is now Pushmataha county, on the 5th day of June, 1907. On August 24, 1908, A. J. Arnote, county attorney of Pushmataha county, filed a verified information in the district court of said county charging the defendant with said crime.

Upon arraignment the defendant filed a demurrer, on the ground that the court had no jurisdiction of the cause, which demurrer was overruled and exception taken. On this information, at the February, 1909, term, the defendant was tried, and the jury returned a verdict, which, omitting the formal parts, reads as follows:

"We, the jury, duly empaneled and sworn in the above styled cause, do upon our oaths find from the law and the evidence the above named defendant, Nabert Bonaparte, guilty in manner and form as charged in the information herein, and assess his punishment at imprisonment for the term of two years and six months in the state penitentiary."

The defendant filed a motion for new trial and a motion in arrest of judgment, which motions were by the court overruled and exceptions allowed. Judgment and sentence in accordance with said verdict was entered on February 25, 1909. The defendant appealed by filing with the clerk of this court on June, 1909, his petition in error with case-made attached.

It is assigned as error:

"That the district of Pushmataha county had no jurisdiction of the said case for the reason that the same was an offense alleged to have been committed prior to the admission of the State of Oklahoma into the Union, and that there was no indictment returned by a grand jury against the plaintiff in error in said cause."

On the part of the state, the Attorney General concedes that the

district court of Pushmataha county was without jurisdiction to proceed to the trial of the defendant for the crime charged by information and without indictment, and therefore confesses that this cause should be reversed. The offense is alleged to have been committed prior to statehood in that part of the state of Oklahoma which was formerly the Indian Territory. .

In section 20 of the amendments to the Enabling Act, approved March 4, 1907, it is provided that:

"All criminal cases pending in the United States courts in the Indian Territory, not transferred to the United States circuit or district courts in the state of Oklahoma, shall be prosecuted to a final determination in the state courts of Oklahoma under the laws now in force in that Territory."

In *Garnsey v. State, ante,* 112 Pac. 24, this court said:

"These provisions of the Enabling Act and the Schedule preserve the rights of persons who are charged with the commission of offenses prior to the admission of the state and render them liable to punishment under the law. For this reason we are clearly of opinion that the constitutional provision providing for the prosecution of felonies by information was not intended to be retrospective or retroactive in its operation, and has reference only to prosecutions for crimes committed after statehood. However, it is immaterial whether the enabling act permitted, or the framers of our Constitution intended to provide, a new method for the prosecution of crimes committed before statehood, because in respect to such crimes the Constitution of the United States gave to the accused an unalterable right to be accused by indictment only."

And, continuing, said:

"The courts of this state, in exercising the jurisdiction conferred upon them by the enabling act and the state Constitution over crimes committed in Oklahoma Territory, can not deprive the accused of substantial rights secured to him by the Constitution of the United States, such as depriving him of the right to be accused by indictment for an infamous crime, or the right to be tried by a common law jury."

We are of opinion that the district court of Pushmataha county did not, upon the information filed by the county attorney, acquire jurisdiction to try, convict and sentence the defendant for

a felony charged to have been committed in the Indian Territory before statehood.

The judgment is therefore reversed and the cause remanded.

FURMAN, PRESIDING JUDGE, and RICHARDSON, JUDGE, concur.