# J. W. EAKIN v. STATE.

No. A-418.   Opinion Filed March 21, 1911.

(114 Pac. 270.)

**INDICTMENT AND INFORMATION—Necessity for Indictment—Felonies Antedating Statehood.** The courts of record of this state do not acquire jurisdiction upon an information to try, convict, and sentence a person charged with the commission of a felony prior to statehood. Felonies committed prior to statehood should be prosecuted in the trial courts of this state upon indictment.

(Syllabus by the Court.)

*Appeal from District Court, Haskell County; Malcolm E. Rosser, Judge.*

J. W. Eakin was convicted of embezzlement, and he appeals. Reversed and remanded.

*Brown & Lawrence, Fred H. Fannin,* and *Clark & Crittenden,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE.   The plaintiff in error was indicted in June, 1908, on a charge of embezzlement, and a demurrer was sustained to the indictment on June 19, 1908, and afterwards, on the same date, the county attorney filed an information against the plaintiff in error, defendant below. A motion to set aside the information was filed and overruled, and he excepted. On the 22d of December, 1908, the plaintiff in error was put on trial and was by a jury convicted upon the charge. The proof shows that the plaintiff in error was cashier of the Farmers' & Merchants' Bank of Chant, Ind. T., from the 1st day of November 1906, the day on which the bank was opened for business, until the 29th day of July, 1907, having severed his connection with the bank prior to statehood. He was charged with embezzling $4,-

323.74 of the funds of the said bank during the time he was cashier.

The Attorney General has filed a confession of error in this case as follows:

"Comes now Charles West, Attorney General, and confesses error in the above entitled and numbered case for the following reasons: First, Because the information alleges that the plaintiff in error embezzled the funds of the Farmers' & Merchants' Bank of Chant, Oklahoma, a banking corporation organized since statehood under the laws of the state of Oklahoma, while the proof shows that the alleged embezzlement occurred before statehood and was of the funds of the Farmers' & Merchants' Bank of Chant, Indian Territory, a banking corporation organized under and b? virtue of the laws of the United States. This the Attorney General thinks was a fatal variance between the allegations and the proof. Second. Because this was a prosecution by information for an infamous crime committed in the Indian Territory prior to statehood. Under the laws in force in the Indian Territory prior to statehood prosecution for this crime must have been by indictment. *Nabert Bonaparte v. State,* 4 Okla. Cr. 603, 112 Pac. 947. It is true that on the face of the information the crime charged is alleged to have been committed since statehood, but there is no evidence whatever to support such an allegation, al' the evidence showing, however, that the crime was committed before statehood. For this reason the Attorney General belie-es the court had no jurisdiction to try the plaintiff in error upon an information of the county attorney. Respectfully submitted, Chas. West, Attorney General. Smith C. Matson, Assistant Attorney General."

This question was settled in the case of *Bonaparte v. St te,* 4 Okla. Cr. 603, 112 Pac. 947, in an opinion by Judge Doyle, wherein it is held that the courts of this state do not acquire jurisdiction upon information filed by the county attorney to try, convict, and sentence a defendant for a felony charged to have been committed in Indian Territory prior to statehood. The information charges the offense as having been committed since statehood, but the proof shows that, if committed, it was committed prior to statehood. It will be seen, therefore, that the confession of error is well taken, and must be sustained. The plaintiff in

error should have been proceeded against by indictment. The cause is reversed and remanded to the district court of Haskell county for such further proceedings as may be deemed proper by that court in harmony with the views expressed in this opinion.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.