## *Ex parte* JESSE ADAIR.

No. A-1058.   Opinion Filed April 25, 1911.

(115 Pac. 277.)

1.  **HABEAS CORPUS—Right to Relief—Jurisdiction.**  If the petitioner be imprisoned under a judgment of a court which had no authority to render the judgment complained of, then relief may be accorded by  **habeas corpus.**

2.  **COURTS—"Competent Jurisdiction."**  A court of competent jurisdiction is one having power and authority of law at the time of action to do the particular act.

3.  **INDICTMENT AND INFORMATION—Felonies in Indian Territory—Necessity of Indictment.**  Article 5 of the amendments to the Constitution of the United States, providing that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury," guarantees to a defendant, charged with the commission of a felony in the Indian Territory prior to statehood, an unalterable right to be accused by indictment only.

4.  **SAME.**  In such cases, the indictment is a necessary prerequisite to give the court jurisdiction.

(Syllabus by the Court.)

Application of Jesse Adair for writ of *habeas corpus.*   Writ allowed.

*Geo. K. Powell,* for petitioner.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, JUDGE.  The petitioner, Jesse Adair, was tried and convicted in the district court of the Third judicial district, sitting in and for Muskogee county, of the crime of forgery, and was sentenced to be imprisoned in the state penitentiary at McAlester for the term of seven years.   Judgment and sentence was pronounced and entered on March 9, 1909, and was executed by delivering the petitioner to the warden of the penitentiary at McAlester, where he has been and is now confined.

Petitioner avers that all the proceedings under which he was

tried and convicted were *coram non judice* and void, and that he is deprived of his liberty without due process of law.

The petition and the answer and return to the writ show that an information was filed and presented in said district court on the 12th day of October, 1908, by the county attorney of Muskogee county, wherein said petitioner, Jesse Adair, and one Charley Thompson were jointly charged with the crime of forgery, alleged to have been committed on the 16th day of August, 1907, in that portion of the state which, prior to statehood, constituted the Indian Territory.

Upon conviction the defendant Charley Thompson appealed to this court. The Attorney General filed a confession of error, and his conviction was reversed (*Charley Thompson v. State*, 4 Okla. Cr. 236, 111 Pac. 662) it there being held that:

"A defendant charged with the commission of a felony prior to statehood in that portion of Oklahoma which then constituted Indian Territory, can be prosecuted only by indictment."

In the case of *Bonaparte v. State*, 4 Okla. Cr. 603, 112 Pac. 947, it was held:

"Article 5 of the amendments to the Constitution of the United States, providing that 'no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury,' guarantees to a defendant charged with the commission of a felony in the Indian Territory prior to statehood, an unalterable right to be accused by indictment only."

And that:

"In such cases the indictment is a necessary prerequisite to give the court jurisdiction."

In section 20 of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 277), as amended by act approved March 4, 1907 (Act March 4, 1907, c. 2911, § 3, 34 Stat. 1287), it is provided that:

"All criminal cases pending in the United States courts in the Indian Territory, not transferred to the United States Circuit or District Court in the state of Oklahoma, shall be prose-

cuted to a final determination in the state courts of Oklahoma under the laws now in force in that territory."

In *Garnsey v. State*, 4 Okla. Cr. 547, 112 Pac. 24, the court said:

"These provisions of the Enabling Act and the Schedule preserve the rights of persons who are charged with the commission of offenses prior to the admission of the state, and render them liable to punishment under the law. For this reason we are clearly of opinion that the constitutional provision providing for the prosecution of felonies by information was not intended to be retrospective or retroactive in its operation, and has reference only to prosecutions for crimes committed after statehood. However, it is immaterial whether the Enabling Act permitted, or the framers of our Constitution intended to provide, a new method for the prosecution of crimes committed before statehood, because in respect to such crimes the Constitution of the United States gave to the accused an unalterable right to be accused by indictment only."

And continuing, said:

"The courts of this state, in exercising the jurisdiction conferred upon them by the Enabling Act and the state Constitution over crimes committed in Oklahoma Territory, cannot deprive the accused of substantial rights secured to him by the Constitution of the United States, such as depriving him of the right to be accused by indictment for an infamous crime, or the right to be tried by a common-law jury."

Under the decision of this court in the case of *Charles Thompson v. State, supra,* and the uniform holding of this court in numerous other cases, the district court of Muskogee county did not, upon the information filed by the county attorney, acquire jurisdiction to try, convict, and sentence the petitioner for a felony alleged to have been committed in the Indian Territory before statehood. It follows that petitioner is unlawfully imprisoned under said judgment of conviction and commitment.

Wherefore the writ of *habeas corpus* is allowed, and it is ordered that petitioner be discharged from said judgment and commitment and that respondent, the warden of the penitentiary, deliver him to the custody of the sheriff of Muskogee county. It

is further ordered that the clerk of this court forward the mandate in this case to the clerk of the district court of Muskogee county, and that said clerk issue to the sheriff of Muskogee county said mandate, directing said sheriff to present the same without delay to the warden, and transport said petitioner to the county jail of Muskogee county, pending the further action of said district court.

FURMAN, PRESIDING JUDGE, and ARMSTRONG, JUDGE, concur.