## Ex parte BUCHANAN.

No. 16553—Opinion Filed Sept. 15, 1925.

Rehearing Denied Oct. 27, 1925.

(Syllabus.)

**Courts—Rules of Decision—Construction of Criminal Statutes by Criminal Court of Appeals.**

This court will follow the construction given to criminal statutes by the Criminal Court of Appeals, since the enforcement of such statutes must be in accordance with such construction, and this rule applies as to the determination of the constitutionality of a criminal statute, or an act of the Legislature creating a criminal court.

Original application by Buck Buchanan for writ of habeas corpus. Writ denied.

D. B. Welty and John L. Ward, for petitioner.

George F. Short, Atty. Gen., and G. B. Fulton, Chas. Hill Johns, and Fred Hansen, Asst. Attys. Gen., for respondent,

NICHOLSON, C. J. Buck Buchanan was charged in the municipal criminal court of the city of Tulsa with the crime of transporting whisky; was tried and convicted, and sentenced to serve a term of six months in the couty jail and pay a fine of $500. From this judgment and sentence he appealed to the Criminal Court of Appeals, where such judgment was affirmed.

He now seeks to be discharged upon a writ of habeas corpus, claiming that the act of the Legislature creating the municipal criminal court of the city of Tulsa (chapter 199, S. L. 1919, sections 4720 to 4744, inclusive, Comp. St. 1921) is violative of section 32, art. 5, and section 20, art. 7, of the Constitution and void.

The question here presented was fully considered by the Criminal Court of Appeals on his appeal to that court, and the act here assailed held constitutional (Buchanan v. State [Okla. Cr.] 236 Pac. 903) ; and since it is the settled policy of this court to follow the construction given to criminal statutes by the Criminal Court of Appeals, because the enforcement of such statutes must be in accordance with such construction, this court will follow such holding without a reexamination as to the correctness thereof. This rule is applicable where the constitu-

tionality of a criminal statute is drawn in question. State ex rel. Ikard v. Russell, Judge, 33 Okla. 141, 124 Pac. 1092; Ex parte Anderson, 33 Okla. 216, 124 Pac. 980; Ex parte Lightle, 33 Okla. 223, 124 Pac. 983; Ex parte Spurlock, 33 Okla. 225, 124 Pac. 983.

The petitioner insists that this court, and no other, has jurisdiction to decide and determine whether or not the pretended law, under which the municipal criminal court of the city of Tulsa was created, is in violation of the Constitution. In Ex parte Anderson, supra, the act of the Legislature of March 6, 1909, creating the superior courts of the state (S. L. 1909, c. 14, art. 7) was attacked as being unconstitutional; and there, as here, a writ of habeas corpus was sought after the conviction had been affirmed by the Criminal Court of Appeals, and it was there urged that this court is not bound by the decisions of the Criminal Court of Appeals; that the Supreme Court is the highest court in point of rank and jurisdiction in the state, the Criminal Court of Appeals being inferior to it, and under the supervisory power of the Supreme Court, and may be restrained within its proper jurisdiction, and its holding reviewed; but the court, after quoting section 2, art. 7, of the Constitution, said:

"The Criminal Court of Appeals in certain cases has jurisdiction in prohibition, mandamus, and habeas corpus proceedings. Herndon v. Hammond, County Judge, supra; Eubanks v. Cole, 4 Okla. Cr. 25, 109 Pac. 736; State ex rel. Sims v. Caruthers, Judge, 1 Okla. Cr. 428, 98 Pac. 474; Ex parte Show, 4 Okla. Cr. 416, 113 Pac. 1062; Ex parte Adair, 5 Okla. Cr. 374, 115 Pac. 277; Ex parte Martin, 6 Okla. Cr. 224, 118 Pac. 155; State ex rel. v. Russell, Judge, supra. * * *

"The Criminal Court of Appeals having construed the act creating the superior court as to its misdemeanor or criminal jurisdiction, and held that the same in that respect was not violative of the Constitution, this court, in following the rule declared in State ex rel. Ikard v. Russell, Judge, supra, without a re-examination as to the correctness of such holding, follows the same."

We have no desire to depart from this holding. The effect of the petitioner's application is to ask this court to review, on habeas corpus, the decision of the Criminal Court of Appeals on the same questions presented to and decided by that court on appeal. This we decline to do.

The writ is denied.

All the Justices concur, except BRANSON, V. C. J., absent, and not participating.

Note.—See under (1) 15 C. J. p. 925, § 313.