## Ex Parte WHITE.

No. 18936. Opinion Filed Jan. 24, 1928.

(Syllabus.)

**Habeas Corpus—Writ not Available for Review of Judgment of Criminal Court of Appeals.**

This court will not review a judgment of the Criminal Court of Appeals within its jurisdiction, by habeas corpus.

Original action for writ of habeas corpus by Eugene T. White. Writ denied.

George M. Nicholson, for petitioner.

M. B. Cope, for the State.

BRANSON, C. J. By original action, Eugene T. White prays a writ of habeas corpus, and discharge from the custody of John T. Newell, warden of the state penitentiary. He alleges that in May, 1922, he was indicted in the district court of Murray county for an alleged violation of the state banking law, and that in May, 1923, he was tried, and a verdict of guilty returned, the punishment being left to the court (Hon. W. L. Eagleton presiding, now deceased); that he is confined in the penitentiary under a pretended judgment, alleged to have been entered by the said court, but that the same is void and no judgment in that the same was not rendered in open court, and that the district court of said county was not open at the time in due form of law, nor was said judgment or pretended judgment entered upon the journal or any other authentic record of said court.

Plaintiff further pleads that error was prosecuted to the Criminal Court of Appeals of the state of Oklahoma, and that in the year 1927 the said Criminal Court of Appeals rendered an option and judgment affirming the said pretended conviction and sentence of petitioner and that in due course the mandate of said court was sent to the

district court of Murray county; that thereupon it was discovered that there was of record no judgment of conviction and sentence.

An application was made by the state to the said district court for an order nunc pro tunc to supply the failure of journal record of conviction and sentence. It was entered by said court (presided over by the now district judge of said county), but it is herein contended that the same was and is without legal force and effect in that it was based upon parol evidence, and that even it failed to show that the district court of the said county was in session at the time of the pretended sentence of the said petitioner in 1923. A motion to vacate the order nunc pro tunc was denied; an appeal and supersedeas which he prayed were denied.

We shall not concern ourselves with the allegation of the petitioner that there was not sufficient data before the trial court on which an order could legally be entered, supplying the record which should have been made at the time of judgment and sentence, if in fact judgment and sentence was ever entered against the petitioner. For if the trial court committed error in refusing the prayer for supersedeas and appeal from the said order, there was a remedy against the said court to require that the same be done, and that remedy is not habeas corpus.

The rule announced by the Honorable Criminal Court of Appeals in the case of Baker v. State, 21 Okla. Cr. 36, 204 Pac. 465, is invoked. It is:

"An examination of the record discloses that the case-made contains no copy of the judgment referred to in the petition in error and does not contain a journal entry of the judgment and sentence appealed from. By numerous decisions of this court it has been held that when an appeal is taken from an alleged judgment of conviction and the transcript of the record or case-made contains no copy of the judgment of conviction, such record or case-made presents no question to this court for its determination, and the appeal will be dismissed for the want of jurisdiction. (Citing several cases.)

"The case-made contains a copy of the verdict and motion for a new trial. Inasmuch as the case-made does not contain a copy of the judgment of the trial court, we are of the opinion that this court is without jurisdiction to consider the appeal. The purported appeal is therefore dismissed."

This declaration of the law could be based upon no other reason than that, there being no judgment and sentence in the journal of the district court, there was nothing which could operate to cause the imprisonment of Baker or adversely affect his rights, and therefore nothing of which he could complain in the Criminal Court of Appeals. Likewise, in the instant case, if there was no judgment, there was nothing to be carried into execution.

It does not follow, however, that in the exercise of its authority granted by section 2, art. 7, of the Constitution to issue writs of habeas corpus, this court should grant the prayer of the petitioner herein.

Petitioner in his brief (page 11) says:

"This court may doubt the wisdom or the propriety of its assuming jurisdiction of this case because of its former adherence to the rule of comity between it and the Criminal Court of Appeals, the latest instance of which is the case of Ex parte Buchanan, 113 Okla. 194, 240 Pac. 699. * * *"

The question is not one of propriety, the question is one of authority; the question is not one of comity, the question is one of law. Like all other process, relief may or may not be granted on habeas corpus, depending upon the authority of the court given by law. If a person charged with crime has had the opportunity to avail himself of the remedies afforded by the law of the state, and the court or courts in which such remedies are cognizable have finally passed upon the question, the allegation that they have erroneously passed upon it or wrongfully passed upon it does not give this court authority, under the guise of a writ of habeas corpus, to review and overturn the results of the due process of law so afforded the accused. State ex rel, Atty. General v. Davenport, 125 Okla. 1, 256 Pac. 340; Dancy v. Owens, 126 Okla. 37, 258 Pac. 879. If this court refused to follow the law as it knows it to exist and as announced in the said cited cases, the intent and purpose of the Constitution and statutes thereunder that the judgment and determination of a criminal case by the Criminal Court of Appeals was final would defeat the plain intent of the law granting that court (sec. 2, art. 7) exclusive appellate jurisdiction in criminal cases; for its final judgments and determinations would be constantly brought before this court for review on habeas corpus. The orderly working of the law of the state depends upon the adherence to the principles therein announced.

It is herein pleaded that an alleged judgment against the petitioner was affirmed,

when there was before that court no judgment as previously defined by that court; that there were only certain minutes abbreviated, supra. The answer is, that was a matter for that court, and it was a judgment of that court within its jurisdiction, and the collateral attack here made upon same cannot be justified in the authorities. If by such action petitioner was deprived of due process of law within the meaning of the federal Constitution, his remedy is not by habeas corpus in this or any other court, but by proper prosecution of error to the Supreme Court of the United States. In the absence of the latter, the final appellate court in criminal cases having affirmed what it must have concluded to be a sufficient judgment depriving petitioner of his liberty, whether erroneous or not, cannot be determined by this court in the proceeding here.

The Constitution of the state might have made the judgment of the district court final and conclusive, and made no provision for the review thereof by an appellate tribunal. In which event the accused would have due process of law. (Ex parte Sacco and Vanzetti, memorandum opinion of Justice Holmes, Supreme Court of United States, August 20, 1927.)

The people, through the Constitution, have a right to vest or authorize the Legislature to vest the final determination of cases in a court other than or inferior to the Supreme Court of the state, and when that was done such determination was due process of law under the Constitution of the state. In a very recent case, many principles, not inapropos here, are discussed by the Supreme Court of Indiana . (David C. Stephenson v. Walter H. Daly. 158 N. E. 289, decided October 25, 1927, being cause No. 25383, on the docket of said court.)

References are made to certain cases by this court on habeas corpus, among which is Ex parte Gonshor, 113 Okla. 101, 239 Pac. 249. There was nothing involved in that case which warranted or called for the declaration in syllabus 1 therein found. This declaration is purely dictum. The other cases are from the Criminal Court of Appeals, and that court in those cases discusses from its viewpoint questions raised in the respective cases on habeas corpus. There is no confusion or conflict in the cases from this court on the jurisdiction of the Criminal Court of Appeals; but in the above-cited cases (State ex rel. v. Davenport and Dancy v. Owens) this court construed the constitutional provision, which was vitalized by the Legislature by the acts

creating the said court; it was directly involved in those suits. And it was there held that the Criminal Court of Appeals has exclusive appellate jurisdiction in criminal cases. It having determined, at least presumably, that there was sufficient judgment of the district court to warrant incarceration of the petitioner here, its judgment is conclusive on this court in an application for habeas corpus, and this court is not concerned with whether the Criminal Court of Appeals in so holding overruled its former decisions as to the character of judgment that must be entered to warrant its affirming or reversing the district court. Having had a trial before a court of jurisdiction, and right to present error to the appellate court in such cases, he has had due process of law in the Constitution of the state, and the judgment is not void. The application for writ of habeas corpus must be denied.

MASON, V. C. J., and PHELPS, LESTER, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 29 C. J. p. 52, §46.