### Ex parte RAY TERRILL.

No. A-8134. Opinion Filed July 18, 1931.
(1 Pac. [2d] 796.)

C. F. Gowdy, for petitioner.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for respondent.

DAVENPORT, P. J. This is a petition for writ of habeas corpus. Petitioner alleges that he is illegally restrained of his liberty by the warden of the state penitentiary at McAlester, by virtue of an unlawful judgment and sentence of the district court of Pawnee county, Okla.,

sentencing petitioner to serve 20 years in the state penitentiary at McAlester; that the sentence is illegal and unauthorized for the reason that from the judgment and sentence of 20 years an appeal was perfected to the Criminal Court of Appeals; that a motion was filed by the Attorney General to dismiss the appeal on the ground that the petitioner at the time was a fugitive from justice; that the said appeal was on the 7th day of October, 1926, dismissed by the court. Petitioner further alleges that he is deprived of his liberty without due process of law, and that his imprisonment is under a judgment of a court which had no jurisdiction to render the judgment; that he has heretofore applied to the district court of Pittsburg county for a writ of habeas corpus, which has been denied.

Where a prisoner in custody under a sentence of conviction seeks to be discharged by habeas corpus, the inquiry is limited to the question whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant, and of the crime charged, and, if the trial court had jurisdiction and power to convict and sentence, the writ of habeas corpus cannot issue to correct mere errors. Ex parte Stover, 14 Okla. Cr. 120, 167 Pac. 1000.

Under the record before us, the petitioner is not entitled to the relief prayed for. The writ is denied.

EDWARDS and CHAPPELL, JJ., concur.