**Ex parte MEEK.**

No. 24802. Sept. 19, 1933.

Chas. West, for petitioner.

J. Berry King, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Wm. M. Franklin, for respondent.

BAYLESS, J. This is an original action in this court on the petition of F. J. Meek for a writ of habeas corpus.

The history of the matter, in substance, is this: Meek was charged in the district court of Osage county, Okla., on two separate counts, with violating the provisions of chapter 24, art. 11, Sess. Laws 1931, regulating the sale of certain types of securities. He was convicted on each charge and sentenced to serve two successive terms in the state penitentiary. Two appeals were taken, but the convictions were affirmed. Meek v. State (Okla. Cr.) 22 P. (2d) 933; Meek v. State (Okla. Cr.) 22 P. (2d) 938. The petitioner is now incarcerated pursuant to these sentences.

The petitioner asserts his restraint is illegal because it is in violation of the Fourteenth Amendment of the Constitution of the United States, upon grounds we do not deem it necessary to set forth. The petitioner contends that the duty or right to construe statutes in the light of the federal Constitution, as stated in the case of Moore et al. v. Dempsey, 261 U. S. 86, 67 L. Ed. 543, obliges this court to assume jurisdiction of this matter, and to hear it, and to determine the constitutionality of the act as measured by the federal Constitution. The Attorney General contends that by virtue of the previous decision of this court, in the case of Ex parte White, 129 Okla. 73, 263 P. 468, this court cannot determine the question presented.

We do not fully agree with either contention.

Directing our attention first to the contention of the Attorney General, we have this to say: Article 7, sec. 1, Const. (sec. 13553, O. S. 1931), reads as follows:

"The judicial power of this state shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, district courts, county courts, courts of justices of the peace, municipal courts, and such other courts, commissions or boards, inferior to the Supreme Court, as may be established by law"

—and section 2 of the same article (sec. 13554, O. S. 1931), reads as follows:

"The appellate jurisdiction of the Supreme Court shall be co-extensive with the state, and shall extend to all civil cases at law and in equity, and to all criminal cases until a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases shall be established by law. The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law. * * *"

Beginning with the early case of Burks v. Walker, 25 Okla. 353, 109 P. 544, in an opinion discussing the creation of the courts of this state, their relative position in rank, and the powers vested in them, we said:

"This section (sec. 1, art. 7) provides that the judicial power shall be in certain named courts and such other courts 'inferior to the Supreme Court as may be established by law'. The position of the word 'inferior' indicates that it was intended to fix the relation that any court created by the Legislature should bear to the Supreme Court."

This same thought was later expressed in the opinions of this court in the cases of State ex rel. v. Davenport, 125 Okla. 1, 256 P. 340, and Dancy v. Owens, 126 Okla. 37, 258 P. 879.

The Constitution of this state, in the sections before quoted, created this court and vested it with all appellate jurisdiction, both in civil and criminal cases, but provided that the Legislature might at any time it saw fit create a Criminal Court of Appeals for the state and vest it with exclusive appellate jurisdiction in criminal cases, thereby divesting this court of a part of its jurisdiction. Separate courts for the trial of criminal cases and civil cases are common, as are separate appellate courts to entertain appeals in cases falling within these respective divisions. The settled and reasonable policy of the law is that there should be no conflict in their jurisdictions or in their acts or decisions, where such conflicts are avoidable. The makers of our Constitution had this policy in mind and so indicated that this was their mind by using the term "exclusive appellate jurisdiction in criminal cases" when they prescribed the jurisdiction to be given to the Criminal Court of Appeals. We have said in the case of State ex rel. Ikard v. Russell, 33 Okla. 141, 124 P. 1092:

"It is the settled policy of the Supreme Court to follow the construction given to criminal statutes by the Criminal Court of Appeals, since the enforcement of such statutes must be in accordance with such construction"

—which was a reiteration of the rule previously announced in Ex parte Justus, 26 Okla. 101, 110 P. 907; Flood v. State ex rel., 27 Okla. 852, 113 P. 914, and Herndon v. Hammond, 28 Okla. 616, 115 P. 775.

We have followed this policy even though the statutes under which the conviction was obtained were attacked in the Criminal Court of Appeals on the ground that they violated the Constitution of the state of Oklahoma. See Ex parte Buchanan, 113 Okla. 194, 240 P. 699.

This court is the supreme judicial court of the state of Oklahoma in all civil matters, passing by as not material to this discussion the relative rank of the State Senate when it is sitting as a court of impeachment. Our construction of legislation as being constitutional or otherwise judged by our own Constitution is supreme and final. It is possible that in the execution of the law complained of, or a similar law, i. e., one that is civil in its general purposes as distinguished from one that is criminal, but which might carry provisions making nonobservance or a violation of its provisions a crime and specifying the punishment therefor, that the construction of the portions thereof relating to the crime and its punishment by the Criminal Court of Appeals might differ from the construction of the law as generally construed by this court from a civil standpoint. But if we hold an act generally to be repugnant to our Constitution, such a construction would be paramount and the law of the state of Oklahoma, even though it might be in conflict with the construction of the Criminal Court of Appeals. This is distinctly recognized, but not so definitely stated in Flood v. State, supra:

"* * * The judgment of such court (Criminal Court of Appeals) on such statute, except as it may be incidentally involved in civil actions to recover penalties or remove certain officers under the Enforcing Act, is not only final, but practically exclusive."

We next consider the petitioner's contention as to our duty. It should not be doubted that under the duality of political organizations existent in this country, one, the federal government, looking to the federal Constitution for its power and limitations, and the other, the various state governments, each controlled by its respective Constitution, that courts of the latter class have the power and jurisdiction to determine a person's right to liberty under the rights reserved to him by the federal Constitution. It is said in Church on Habeas Corpus (2d Ed.) sec. 84, p. 129:

"A state court is under the same high obligations to support, construe, and give effect to the Constitution of the United States that a federal court is, and it ought to administer the law correctly, and accord to the party all the rights guaranteed to him by the federal Constitution."

While we have the right to declare the criminal provisions of this act repugnant to the federal Constitution, if we should determine them so to be, we, nevertheless, in furtherance of our announced policy of avoiding a conflict with the Criminal Court of Appeals, and in the observance of the intent of the makers of our Constitution and our law-making body since that time that there be no such conflicts where they are avoidable, decline to exercise the right to determine the legality of the petitioner's restraint by the terms of the federal Constitution.

The questions raised by the petitioner involve the federal Constitution. The federal courts are primarily charged with the construction of its provisions; he has the right to apply to federal courts for the relief which he seeks here, and we therefore relegate him to that remedy.

The writ is denied.

RILEY, C. J., CULLISON, V. C. J. and SWINDALL, McNEILL, and BUSBY, JJ., concur. ANDREWS, OSBORN, and WELCH, JJ., absent.