## In re MEEK.

No. 25314.   Sept. 25, 1934.

Charles West, for petitioner.

Warren T. Spies and John Ladner, for State Bar of Oklahoma.

BAYLESS, J. This action involves the disbarment of F. J. Meek, hereinafter referred to as petitioner.

An accusation was filed before the Board of Governors of the State Bar of Oklahoma, alleging that said petitioner had been convicted in the district court of Osage county, Okla., in one case of "violation of the Blue Sky Law" and another "of selling securities without registration"; that both convictions had been affirmed by the Criminal Court of Appeals, and that thereunder petitioner was confined in the state penitentiary at McAlester, and that by reason thereof petitioner had lost his fair, private and professional standing, and had ceased to possess that good moral character prerequisite to the practice of law in the state of Oklahoma and had become an unfit, unsafe, and untrustworthy person to be entrusted with the powers, duties, and responsibilities of an attorney and counsellor at law.

Petitioner filed an answer to said accusation admitting the convictions and their affirmance by the Criminal Court of Appeals and the denial by that court of a rehearing thereon, but stated in said answer that he had applied to this court for a writ of habeas corpus and prayed that action before the Board of Governors be suspended until the application for said writ of habeas corpus should be finally decided.

The record shows that petitioner was duly tried and convicted as charged. That in each case the petitioner was sentenced to serve a term of two years in the state penitentiary at McAlester and pay a fine of $1,000. That the conviction and sentence in each case was affirmed by the Criminal Court of Appeals. See Meek v. State (Okla. Cr.) 22 P. (2d) 933, and Meek v. State (Okla. Cr.) 22 P. (2d) 938. That the writ of habeas corpus referred to in the answer of petitioner to the accusation was denied by us on September 19, 1933. See Ex parte Meek, 165 Okla. 80, 25 P. (2d) 54, wherein we said:

"This court will follow the construction given to criminal statutes by the Criminal Court of Appeals, since the enforcement of such statutes must be in accordance with such construction, and this rule applies as to the determination of the constitutionality of a criminal statute."

The petitioner appeared, by attorney, before the Board of Governors on August 12, 1933, and presented his defense, which was that the district court of Osage county and the Criminal Court of Appeals of Oklahoma were without jurisdiction, and that the judgments and sentences theretofore pronounced by said courts against the petitioner were a nullity. The Board of Governors found against the petitioner, and on September 22, 1933, recommended to this court that petitioner be disbarred from the practice of law in the state of Oklahoma.

Thereafter petitioner filed a petition in error in this court to review the action of the Board of Governors. The matter was submitted both upon briefs and oral argument to this court. The argument presented on this appeal is in substance that statutes, sections 4897-4917, O. S. 1931, under which petitioner was tried and convicted are unconstitutional for the reason that provision is made therein that the indictment need not negative that the securities sold were within the exemptions of the act; that the evidence was insufficient to sustain the convictions and that the rights of the petitioner as guaranteed to him under the 14th Amendment to the Constitution of the United States and the provisions of Magna Carta as guaranteed to the English Barons at Runneymede had been grossly violated.

Many authorities are cited by petitioner in support of this contention, but, as we view the present appeal, they were all fore-

closed against him in the cases of Meek v. State and Ex parte Meek, supra.

Conviction of a felony, under the rules heretofore approved and adopted by us pursuant to the State Bar Act (ch. 264, S. L. 1929), is one of the grounds for disbarment of an attorney. In this case we have the situation where the petitioner has been convicted on two felony charges and his convictions have been affirmed by the Criminal Court of Appeals of this state and considered by this court, and which have been held valid for the purpose of imprisonment of petitioner, and under these circumstances we do not feel justified in holding that they are insufficient for the purpose of disbarment. The record contains nothing in mitigation of the offenses. As we have said in Re Threadgill, 166 Okla. 301, 27 P. (2d) 601:

"We conclude that under such circumstances the advisory recommendations of the Board of Governors carry weighty presumptions of justice and propriety."

The action of the Board of Governors is therefore approved and petitioner disbarred from the practice of law in the state of Oklahoma.

RILEY, C. J., and SWINDALL, OSBORN, and WELCH, JJ., concur.