### NEWTON v. KEY, Warden.

No. 26172.   April 16, 1935.

Sid White and Hudson & Hudson, for petitioner.

PER CURIAM. The petitioner, Willis Newton, was convicted in the district court of Grant county of the crime of robbery with firearms and was sentenced to serve a term of 20 years' imprisonment in the state penitentiary. Thereafter, he took an appeal from such judgment to the Criminal Court of Appeals of this state, and on the 11th day of January, 1935, said court, by an opinion reported in Newton v. State, 56 Okla. Cr. ___, 40 P. (2d) 688, affirmed the judgment of the lower court.

Petitioner has brought this proceeding in this court for a writ of habeas corpus, asking that he be discharged from the custody of W. S. Key, warden of the state penitentiary, and in the brief filed by counsel for the petitioner numerous grounds were set up, in substance and to the effect that the judgment of the Criminal Court of Appeals should be set aside because of certain alleged errors in the trial of the case, which in the opinion of counsel for the petitioner rendered the trial in the court below unfair and a denial of due process.

As we construe the petition, counsel contend that this court has authority under its power to exercise a "superintending control over all inferior courts and all commissions and boards created by law" (section 2, article 7, Constitution), in effect, to review by habeas corpus a final judgment

of the Criminal Court of Appeals in a criminal case appealed to it from a lower court.

This petitioner is imprisoned under a final judgment of conviction for crime, and unless the court was without jurisdiction to render the particular judgment and the judgment is void and not merely voidable, relief cannot be had by habeas corpus, however numerous and gross may have been the errors committed during the trial or in proceedings preliminary thereto, there being no showing of the happening of anything since judgment requiring his release. Ex parte White, 129 Okla. 73, 263 P. 468; Ex parte McDaniel, 53 Okla. Cr. 435, 18 P. (2d) 287; Ex parte Terrill, 51 Okla. Cr. 313, 1 P. (2d) 796.

In the case of Phelps v. Young, 149 Okla. 120, 299 P. 461, this court held:

"Upon an application for a writ of habeas corpus, the court will examine only the power and authority of the trial court to act; and, if the trial court had jurisdiction of the subject-matter and of the person of petitioner, and had jurisdiction to render the particular judgment, the writ will not issue."

In innumerable cases the courts of this and other states have held that the writ of habeas corpus cannot be resorted to as a writ of error or as an appeal. Ex parte Gardner, 54 Okla. Cr. 294, 19 P. (2d) 910; Ex parte Wyatt, 54 Okla. Cr. 449, 23 P. (2d) 719; Ex parte Pike, 50 Okla. Cr. 125, 296 P. 529.

The petitioner contends that he has been deprived of the due process of law guaranteed to him by section 1 of amendment 14 of the federal Constitution.

In the case of Ex parte Meek, 165 Okla. 80, 25 P. (2d) 54, this court said:

"The questions raised by the petitioner involve the federal Constitution. The federal courts are primarily charged with the construction of its provisions, he has the right to apply to federal courts for the relief which he seeks here, and we therefore relegate him to that remedy."

The writ is denied.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY, J., absent.