**HINKLE v. KENNY, Warden.**

No. 26533. Oct. 6, 1936.

Rehearing Denied Nov. 17, 1936.

S. P. Freeling, for petitioner.

Mac Q. Williamson, Atty. Gen. and Smith C. Matson, Asst. Atty. Gen., for respondent.

BAYLESS, J. This is an original proceeding in this court whereby the petitioner, Henry Hinkle, Jr., by H. Q. Hinkle, his father and next friend seeks a writ of mandamus directed to Roy W. Kenny in his official position as warden of the penitentiary of the state of Oklahoma.

The petitioner was delivered to the warden of the penitentiary on the 18th day of April, 1934, under two commitments issued in pursuance of judgments of conviction in the district courts of Garvin and Oklahoma counties, Okla. Each of these judgments of conviction, entered apparently without reference to each other, provided that the sentences imposed should begin to run from the date of petitioner's delivery at the penitentiary.

The warden of said penitentiary in executing said sentences has determined that petitioner is now being held to serve the sentence of 20 years imposed by the district court of Garvin county, and has further determined that the sentence of the district court of Oklahoma county of a period of 15 years is to be held in abeyance and is to be served by petitioner when he has completed the 20-year sentence.

The issue presented to this court is whether, under the two judgments and applicable statutes (sections 3144-3145, O. S. 1931) the sentences shall be served consecutively as determined by the warden, or whether they shall be served concurrently as contended for by petitioner.

It is conceded in the briefs and argument that the Criminal Court of Appeals of this state has held in many cases contrary to the contention of the petitioner, and in conformity with the determination of the warden. Ex parte Eldridge, 3 Okla. Cr. 499, 106 P. 980; Ex parte Ray, 18 Okla. Cr. 167, 193 P. 635; Ex parte Smith, 33 Okla. Cr. 175, 242 P. 284; Ex parte Bell, 34 Okla. Cr. 354, 246 P. 893; Ex parte Strader, 37 Okla. Cr. 285, 257 P. 1112; Ex parte Gilbert, 52 Okla. Cr. 260, 4 P. (2d) 695.

It also concedes that the courts of California, whence these sections of our statutes originated, the courts of North Dakota and

the courts of Kansas, through which states the statutes passed to us, have construed these sections of the statutes contrary to the construction adopted by the Criminal Court of Appeals of this state. Ex parte Morton (Cal.) 64 P. 469, and In re Weisman (Kan.) 143 P. 488.

Because of this conflict we are asked to assume jurisdiction of this matter and to construe our statutes in conformity with the holdings with the other states and contrary to the holdings of the Criminal Court of Appeals of this state.

Mandamus is a discretionary writ (Stearns v. Sims, 24 Okla. 623, 104 P. 44; and Board of Commissioners of Creek Co. v. City of Sapulpa, 162 Okla. 253, 20 P. [2d] 147); and should be granted where a clear legal right to have the same is shown (State v. Short, 113 Okla. 187, 240 P. 700); but, in any event, is an extraordinary legal remedy and will not be granted where there is a plain and adequate remedy in the ordinary course of law (Champlin v. Carter, 78 Okla. 300, 190 P. 679).

To exercise our discretion in favor of the petitioner's claim in this case would not be in keeping with the decisions just cited. The petitioner had and has a plain and adequate remedy at law in the forum of the Criminal Court of Appeals of this state. The Legislature of this state, acting under the permissive authority given to it by section 2, article 7, Constitution of Oklahoma (sec. 13554, O. S. 1931), has seen fit to establish a Criminal Court of Appeals in this state and to give it exclusive appellate jurisdiction in criminal matters. This grant of power necessarily carries with it the power and authority to exercise such jurisdiction in questions pertaining to the criminal statutes of this state as would make effectual the purpose of our Legislature in creating such a court. State ex rel. Ikard v. Russell, 33 Okla. 141, 124 P. 1092; Ex parte Justus, 26 Okla. 101, 110 P. 907; Ex parte Meek, 165 Okla. 80, 25 P. (2d) 54: In re Meek, 169 Okla. 89, 36 P. (2d) 267. The Criminal Court of Appeals of this state has exercised its powers in so far as the construction of these statutes is concerned for the guidance of itself and the inferior criminal courts of the state, as is shown by the cases hereinbefore cited.

This being so, we intend to adhere to the consistent course heretofore pointed out, and to follow the decisions of the Criminal Court of Appeals in matters relating to criminal law and to the construction of the criminal statutes of this state, even upon constitutional questions. State ex rel. Ikard v. Russell, supra; Ex parte Buchanan, 113 Okla. 194, 240 P. 699; and Ex parte Meek, supra.

In the case of Ex parte Meek, supra, we said:

"Separate courts for the trial of criminal cases and civil cases are common, as are separate appellate courts to entertain appeals in cases falling within these respective divisions. The settled and reasonable policy of the law is that there should be no conflict in their jurisdictions or in their acts or decisions, where such conflicts are avoidable. The makers of our Constitution had this policy in mind and so indicated that this was their mind by using the term 'exclusive appellate jurisdiction in criminal cases' when they prescribed the jurisdiction to be given to the Criminal Court of Appeals."

The point is urged that the cases above cited in which we announced our policy of respecting the decisions of the Criminal Court of Appeals on matters relating to criminal law mostly related to habeas corpus, whereas this is a matter of mandamus; the further distinction being urged that habeas corpus is essentially a criminal proceeding, whereas mandamus is essentially civil. We cannot assent to this asserted distinction, 12 R. C. L. 1178, sec. 1, and 18 R. C. L. 88, sec. 2. We can see no difference in principle between refusing to entertain habeas corpus proceedings which might lead to a decision contrary to that of the Criminal Court of Appeals, and refusing to grant mandamus contrary to the decision of that court. It is not a lack of power in this court in either instance, but rather our policy, deliberately adopted, of avoiding a conflict of opinions and decisions between the two courts.

Writ denied.

BUSBY, PHELPS, CORN. and GIBSON, JJ., concur. McNEILL, C. J., and OSBORN, V. C. J., dissent. RILEY, J., concurs in conclusion. WELCH, J., absent.