## Ex parte BARNETT.

No. 27781.  June 1, 1937.

Rehearing Denied June 8, 1937.

J. D. Lydick, Williams, Cowan & Benedum, and R. F. Barry, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Lewis R. Morris, Co. Atty. of Oklahoma County, and Walter Marlin, Asst. Co. Atty., for respondent.

OSBORN, C. J.  This is an original application in this court by W. J. Barnett for a writ of habeas corpus whereby he seeks to be released from the custody of Stanley Rogers, sheriff of Oklahoma county, who holds him by authority of a warrant issued upon an indictment returned in the district court of said county by a grand jury.  The petitioner was indicted for the crime of "corruption in office."

It appears that the district court of Oklahoma county sustained a motion to quash the indictment for the following reasons:

"That sections 1778, 9146, and 9163, O. S. 1931, are too vague, indefinite, ambiguous and uncertain under the limitations of the Constitution of the state of Oklahoma and of the United States of America to create the offense of corruption in office, and that the same are wholly insufficient to support the indictment returned."

An appeal from the order quashing the indictment was taken by the state to the Criminal Court of Appeals.  The opinion of that court was promulgated, and held that the statutes under which petitioner is charged were not void for ambiguity and uncertainty and did not contravene any provision of the state or federal Constitution.  The cause was remanded to the district court for further proceedings. After the mandate of the Criminal Court of Appeals was spread of record in the district court, the petitioner was ordered to make

bond, and upon his failure to do so he was committed to jail by a bench warrant issued by the district court.

In the case of Ex parte Meek, 165 Okla. 80, 25 P. (2d) 54, this court, after reviewing the applicable authorities, held:

"This court will follow the construction given to criminal statutes by the Criminal Court of Appeals, since the enforcement of such statutes must be in accordance with such construction, and this rule applies as to the determination of the constitutionality of a criminal statute."

The rule is too broadly stated in that case as disclosed by the discussion contained in the opinion itself.  In the instant case, it appears that the questions presented here were presented to the Criminal Court of Appeals and decided by it. We have examined with care the arguments of petitioner and find no reason in law or in fact for a departure from the established rule of this court.

The writ is denied.

PHELPS, CORN, GIBSON, and HURST, JJ., concur.