**In the Matter of the Habeas Corpus of Marion F. CHARLES, Petitioner.**

**No. A–12786.**

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1959.

**1119**

Marion F. Charles, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is a petition for writ of habeas corpus, writ denied. The petitioner alleges that he is illegally restrained of his liberty by the warden of the state penitentiary at McAlester by virtue of an unlawful judgment and sentence of the District Court of Muskogee County, Oklahoma, sentencing petitioner to serve three years in the state penitentiary.

A very lengthy petition is filed herein and it is most difficult to determine just what grounds the petitioner relies upon for relief. There is attached to said petition a transcript of the proceedings in the District Court of Pittsburg County where a writ was denied. It appears that petitioner argued in the hearing upon the same petition that the court was without jurisdiction to try said cause for the reason that petitioner was brought into the state from Indiana upon a waiver of extradition. Petitioner contends that he was forced to sign the waiver of extradition through threats and duress and was not allowed to see counsel.

The record reveals that petitioner was arrested in LaPorte, Indiana, as a result of a charge filed in Muskogee County, waived extradition, was returned to Muskogee County where defendant was afforded a preliminary hearing after entering a plea of not guilty on June 3, 1957. Counsel was appointed and bail set in the amount of $1,-000. Defendant was taken before the District Court on the 15th day of October, 1957, where he withdrew his plea of not guilty and entered a plea of guilty. Sentencing day was set for November 1st, evidently continued as the petitioner was sentenced on November 19, 1957.

Defendant contends that the court had no jurisdiction as a result of his constitutional rights being denied. This court fails to see any reason for such assertion. It is apparent that the court had jurisdiction of the person, the subject matter, and had jurisdiction to impose the sentence. The manner in which petitioner was found in the jurisdiction of the District Court is not a subject of inquiry on habeas corpus proceedings. This court has held in the case of Ex parte Harrelson, 97 Okl.Cr. 399, 264 P.2d 1004:

"Where person accused of crime is found within territorial jurisdiction wherein he is so charged, and is held under process legally issued from court of that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense charged is impaired by manner in which he was brought from another state * * *."

Petitioner herein was appointed counsel by the court. He entered a plea of guilty to the charge The judgment and sentence is valid upon its face, therefore, this court is bound by the rule as laid down in Ex parte Terrill, 51 Okl.Cr. 313, 1 P.2d 796:

"Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the question whether the court in which he was convicted had jurisdiction of his person and of the crime charged, and, if the trial court had jurisdiction to convict and sentence, the writ cannot issue to correct mere errors."

For the reasons herein stated, the writ is denied.