Sean F. FLURY, Petitioner,

v.

The Honorable Penny L. HOWARD, Associate District Judge In and For Logan County, State of Oklahoma; David Skaggs, Janet Skaggs, and Janet Denise Skaggs, DOB: 8/22/74, Respondents.

No. 77058.

Supreme Court of Oklahoma.

July 9, 1991.

Richard O. Burst, Sr., Oklahoma City, for petitioner.

Robert Henry, Atty. Gen., Sid Brown, Asst. Atty. Gen., Oklahoma City, for respondents.

## MEMORANDUM OPINION

OPALA, Chief Justice.

This court's original cognizance is invoked primarily to invalidate an emergency protective order issued by the District Court, Logan County. We assume jurisdiction and, for the reasons to be explained, transfer the cause to the Court of Criminal Appeals.

I

### THE ANATOMY OF DISTRICT COURT LITIGATION

A proceeding was commenced under the Protection From Domestic Abuse Act [Protection Act][2] by David and Janet E. Skaggs on behalf of their daughter, Janet

2. *Supra* note 1.

D., for protective order against the petitioner, Sean F. Flury [Flury], who had been in a dating relationship with the daughter. The respondent trial judge issued an emergency ex parte order[3] to protect the daughter from "immediate and present danger of domestic abuse"[4] by Flury. Five days later the trial judge issued a final protective order[5] and denied Flury's motions to dismiss the case and to dissolve the temporary protective order. *In a presently pending criminal case Flury stands charged with violating the emergency ex parte order.*[6]

## II

### RELIEF SOUGHT IN THIS COURT

In this original action Flury seeks (a) the dismissal of the district court case for want of trial court's "subject matter jurisdiction" to invoke the Act's remedy for the protection of one like him who stands vis-a-vis the threatened person in a dating relationship,[7] (b) to bar the trial judge from issuing future protective orders and (c) to prohibit the objectionable order's enforcement by

---

3. The authority for such order is provided by 22 O.S.Supp.1983 § 60.3. An emergency ex parte order remains in effect until a full hearing has been conducted.

4. The trial court's order quotes the statutory language of 22 O.S.Supp.1983 § 60.3.

5. Final protective orders are authorized by 22 O.S.Supp.1987 § 60.4(C). Any protective order issued pursuant to subsection C "shall not be for a fixed period but shall be continuous until modified or rescinded upon motion by either party or if the court approves any consent agreement entered into by the plaintiff and defendant." § 60.4(F).

6. A *protective order's violation constitutes a criminal offense.* 22 O.S.Supp.1988 § 60.6. For an explanation of this section, *see infra* note 8.

7. The Protection Act lists seven categories of interpersonal relationship which fall within its purview. *See* 22 O.S.Supp.1986 § 60.1(2) *infra. The dating relationship is not one among the enumerated categories.* The terms of § 60.1(2) include the following categories of a protected person:
"'Family or household members' means spouses, former spouses, parents, children, persons otherwise related by blood or mar-

---

criminal process. The petitioner also presses for relief against the trial judge's ancillary order that directs him to pay for the transcript of undesignated portions of the record to be used in this proceeding.

## III

### THE DISPOSITIVE ISSUE TO BE DECIDED IN ASSESSING PETITIONER'S RIGHT TO THE RELIEF SOUGHT

As we analyze this case, the *dispositive issue* before us is the *legal validity of the pending criminal process* presently prosecuted to enforce the emergency protective order. Petitioner's *ultimate goal* is to secure from this court relief against the criminal enforcement of that order's violation. This in turn calls for determining whether petitioner's alleged misconduct in the context of a dating relationship, which gave rise to the complaint against him, falls within the Act's purview so that its disobedience may be prosecuted as a public offense under § 60.6.[8] In sum, the petitioner is entitled to have the criminal process ar-

---

riage, or persons living in the same household or who formerly lived in the same household. This shall include the elderly and handicapped."

The Protection Act bears the earmarks of a penal statute (*see* Part IV *infra*) which must be strictly construed and cannot be enlarged by implication. *See Ex parte Barnett,* 96 Okl.Cr. 254, 252 P.2d 496, 501 (1953); *Cummings v. Board of Education,* 190 Okl. 533, 125 P.2d 989, 995 (1942).

8. *See* 22 O.S.Supp.1988 § 60.6, *which provides that violations of ex parte or final protective orders are misdemeanors.* The penalty for *violating the order* is a fine not to exceed $1,000 and/or a term of imprisonment in the county jail not to exceed one year. § 60.6(A) *Repeat offenders* will be punished by incarceration in the county jail for a period of not less than 10 days nor more than one year and may be fined not less than $500 and not more than $1,000. § 60.6(B) A violation of the Protection Act, which results in *physical injury* or *physical impairment* to any person named in the order, is punishable by a term in the county jail of not less than 10 days and not more than one year and/or a fine not to exceed $5,000. § 60.6(C).

rested or prohibited if there is indeed a fatal flaw in the trial court's judicial extension of the Protection Act to shield one standing in a dating relationship with him. *As we have no cognizance over criminal process,*[9] we are powerless to grant the relief sought in this proceeding.

## IV

## THE COURT OF CRIMINAL APPEALS HAS EXCLUSIVE JURISDICTION OVER THE PROTECTION ACT'S PENAL PROVISIONS

 Because violators of a protective order are liable to criminal penalties,[10] the validity of that process must be tested in the court with exclusive and final appellate cognizance over criminal prosecutions. The Court of Criminal Appeals has the exclusive power over matters incident or essential to the complete exercise of its appellate jurisdiction in criminal cases.[11] Only that court can determine whether the proceedings which culminated in the emergency ex parte order and the petitioner's alleged violation afford a legitimate predicate for a public offense under 22 O.S. Supp.1988 § 60.6.[12] It is clearly the Court of Criminal Appeals which must decide whether the petitioner's charged misconduct in the context of his dating relationship comes within the Act's purview and may hence result in a criminal charge.

## SUMMARY

The Protection Act's criminal enforcement provisions make this controversy inappropriate for our consideration in this proceeding. The case must be transferred to the Court of Criminal Appeals which has the exclusive and final cognizance over the legal sufficiency and efficacy of criminal process triggered below for the emergency protective order's enforcement.[13] In sum, the dispositive issue here cannot be authoritatively settled *dehors* that court's criminal judicature.

Original jurisdiction is assumed, the prerogative writs sought are denied and cause stands transferred to the Court of Criminal Appeals.

LAVENDER, SIMMS, DOOLIN and SUMMERS, JJ., concur.

HODGES, V.C.J., and ALMA WILSON and KAUGER, JJ., concur in part and dissent in part.

**9.** The terms of Art. 7 § 4, Okl. Const., provide in pertinent part:

"The appellate jurisdiction of the Supreme Court shall be coextensive with the State and shall extend to all cases at law and in equity; *except that the Court of Criminal Appeals shall have exclusive appellate jurisdiction in criminal cases until otherwise provided by statute* and in the event there is any conflict as to jurisdiction, the Supreme Court shall determine which court has jurisdiction and such determination shall be final...." (Emphasis added.)

**10.** See *supra* note 8.

**11.** Art. 7, § 4, Okl. Const., *supra* note 9, provides in pertinent part *"in the event there is any conflict as to jurisdiction, the Supreme Court shall determine which court has jurisdiction [over a*

*case alleged to be criminal] and such determination shall be final"* (emphasis added); *see also State ex rel. Henry v. Mahler,* Okl., 786 P.2d 82, 85 (1990); *Walters v. Oklahoma Ethics Com'n,* Okl., 746 P.2d 172, 180–181 (1987) (Opala, J., concurring); *Carder v. Court of Criminal Appeals,* Okl., 595 P.2d 416, 419 (1979); *Anderson v. Trimble,* Okl., 519 P.2d 1352, 1354–1355 (1974); *Hinkle v. Kenny,* 178 Okl. 210, 62 P.2d 621, 622 (1936).

**12.** *See supra* note 8.

**13.** See *supra* note 9 for the pertinent provisions of Art. 7, § 4, Okl. Const.; *see also* in this connection *State ex rel. Henry v. Mahler, supra* note 11; *Walters v. Oklahoma Ethics Com'n, supra* note 11 at 181–182 (Opala, J., concurring); *Carder v. Court of Criminal Appeals, supra* note 11.