*Ex parte* W. O. MOODY.

No. A.-552.   Opinion Filed March 28, 1910.

(108 Pac. 431.)

**JUSTICES OF THE PEACE—Jurisdiction—Misconduct in Office. A** justice of the peace is without jurisdiction to try any action against any officer for misconduct in office.

(Syllabus by the Court.)

Application by W. O. Moody for writ of *habeas corpus*.  Writ granted, and defendant discharged.

On the 12th day of January, 1910, the county attorney of Woodward county, Okla., filed the following information against W. O. Moody, before B. B. Smith, Esq., a justice of the peace for the city of Woodward:

"State of Oklahoma, Woodward County.   Information.   In Justice Court, before B. B. Smith, Justice of the Peace for City of Wooward, Woodward County, Oklahoma.   State of Oklahoma v. W. O. Moody, County Weigher.   In the Name and by the Authority of the State of Oklahoma:   Now comes B. F. Willett, county attorney, in and for the state and county aforesaid, and gives the court to know and be informed that one W. O. Moody, county weigher, late of the county of Woodward and state of Oklahonia, on the 11th day of January in the year of our Lord one thousand nine hundred and ten, at and within the said county and state, did then and there, being the duly elected, qualified, and acting county weigher of Woodward county, Oklahoma, unlawfully, willfully, while acting as county weigher, weigh one wagon load of eight hogs incorrectly for one K. D. Lively, by then and there weighing the said load of eight hogs at one thousand sixty-five pounds, when in fact and in truth the said load of

eight hogs weighed only one thousand fifteen, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Oklahoma. B. F. Willett, County Attorney."

A warrant was issued on this information and the said justice of the peace was preparing to place the defendant upon trial on said charge. A writ of *habeas corpus* was applied for upon the ground that said justice of the peace is without jurisdiction to try and determine said cause.

*David P. Marum* for petitioner.

FURMAN, Presiding Judge (after stating the facts as above). Section 12 of article 7 of the Constitution, among other things, provides that the county court shall not have jurisdiction in any action against officials for misconduct in office, and shall have appellate jurisdiction of the judgments of justices of the peace in misdemeanors. Section 14 of article 7 provides that upon such appeals from justice courts the trial shall be *de novo* on questions both of law and of fact. Section 18 of article 7 of the Constitution is as follows:

"The office of justice of the peace is hereby created, and, until otherwise provided by law, courts of justices of the peace shall have, coextensive with the county, jurisdiction as examining and committing magistrates in all felony cases, and shall have jurisdiction, concurrent with the county court, in civil cases where the amount involved does not exceed two hundred dollars, exclusive of interest and costs, and concurrent jurisdiction with the county court in all misdemeanor cases in which the punishment does not exceed a fine of two hundred dollars or imprisonment in the county jail for not exceeding thirty days, or both such fine and imprisonment; but justices of the peace shall in no event have jurisdiction in actions for libel and slander. Until otherwise provided by law, appeals shall be allowed from judgments of the court of justices of the peace in all civil and criminal cases to the county court in the manner now provided by the laws of the territory of Oklahoma governing appeals from the courts of justices of the peace to the district court. In cities of more than two thousand and five hundred inhabitants, two justices of the peace shall be elected."

The prohibition contained in the Constitution against the exercise by the county court of jurisdiction in actions against officers for misconduct in office is not limited to actions for the removal of such officers from the positions which they occupy on account of the official misconduct, but extends to and includes any and all actions against such officers for misconduct in office, it matters not what the nature of the action or the punishment inflicted may be. It certainly will not be claimed that the justices of the peace have superior jurisdiction to that enjoyed by county courts. If a justice of the peace can try an officer for official misconduct, what would become of the case in the event of a conviction and appeal to the county court? How could that court try a case *de novo* on appeal of which it had no jurisdiction? Any statute attempting to give jurisdiction to the county courts or justices of the peace to try such cases would be unconstitutional and void. Such jurisdiction is in district courts. Justices of the peace have the power to sit as examining and committing magistrates in felony cases only. As the act of official misconduct charged against this defendant is not a felony, the justice court did not have jurisdiction over the offense charged as an examining magistrate.

The writ of *habeas corpus* is therefore granted as prayed for, and it is ordered that the defendant be released from custody on said charge, and that said justice court be directed to dismiss the case therein pending against him.

DOYLE and OWEN, JUDGES, concur.