STATE *ex rel.* IKARD, v. RUSSELL, *Judge.*

No. 3584.   Opinion Filed May 14, 1912.

(124 Pac. 1092.)

1.   COURTS—Supreme Court—Following Criminal Court of Appeals. It is the settled policy of the Supreme Court to follow the construction given to criminal statutes by the Criminal Court of Appeals, since the enforcement of such statutes must be in accordance with such construction.

2.   OFFICERS—Misconduct—Actions—Jurisdiction — District Courts. The prohibition in Const. art 7, sec. 12, against the exercise by the county court of jurisdiction in actions against officers for misconduct in office, includes all actions against such officers for misconduct, and jurisdiction over such proceedings is in the district court.

(Syllabus by the Court.)

Application by the State, on relation of M. Ikard, for writ of prohibition to Stilwell H. Russell, Judge of the District Court. Writ denied.

*Johnson & McGill, Cruce & Potter,* and *R. A. Hefner,* for relator.

*James H. Mathers* and *W. F. Bowman,* for respondent.

KANE, J.   This is an original application for writ of prohibition for the purpose of prohibiting the district court of Carter county, Okla., from proceeding to try the relator on a charge of nepotism.   After defining nepotism, the statutes (section 2800, Comp. Laws 1909) provide that "any executive, legislative, ministerial or judicial officer who shall violate any provision in this act shall be deemed guilty of a misdemeanor involving official misconduct, and shall be punished by a fine of not less than one hundred or more than one thousand dollars, and shall forfeit his office."   The relator contends that upon the authority of *State ex rel. v. Shea, Judge,* 28 Okla. 821, 115 Pac. 862, the district court is without jurisdiction to try misdemeanors of every grade, whether they involve official misconduct or not.   The Shea case, while not exactly in point, seems to sustain that contention, but, at the time that opinion was written and handed down, our attention was not called to *Ex parte Moody,* 3 Okla. Cr. 590, 108 Pac. 431, where a different conclusion seems to have been reached by the Criminal Court of Appeals in construing the same constitutional provision in its application to a criminal case.

It is the settled policy of the Supreme Court to follow the construction given to criminal statutes by the Criminal Court of Appeals, since the enforcement of such statutes must be in accordance with such construction. *Ex parte Justus,* 26 Okla. 101, 110 Pac. 907; *Flood v. State ex rel.,* 27 Okla. 852, 113 Pac. 914; *Herndon v. Hammond, County Judge,* 28 Okla. 616, 115 Pac. 775. Section 12, art. 7, Williams' Ann. Const. Okla., provides:

"The county court, co-extensive with the county, shall have original jurisdiction in all probate matters, and until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding one thousand dollars, exclusive of interest:   Provided, that the county court shall not have jurisdiction in any action for malicious prosecution, or in any action for divorce or alimony, or in any action against officers for misconduct in office, or in actions for slander

or libel, or in actions for the specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question; nor to order or decree the partition or sale of real estate, not arising under its probate jurisdiction."

Discussing this provision in *Ex parte Moody, supra,* Presiding Judge Furman, said:

"The prohibition contained in the Constitution against the exercise, by the county court, of jurisdiction in actions against officers for misconduct in office, is not limited to actions for the removal of such officers from the position which they occupy, on account of the official misconduct, but extends to and includes any and all actions against such officers for misconduct in office, it matters not what the nature of the action or the punishment inflicted may be. * * * Any statute attempting to give jurisdiction to the county courts or justices of the peace to try such cases would be unconstitutional and void. Such jurisdiction is in the district court."

It may be said that the foregoing, in so far as it pertains to the jurisdiction of county courts, is merely *dictum,* but, as the court bases its decision solely upon its construction of the foregoing constitutional provision, its construction is not *dictum* in the sense that it was not necessary to the ascertainment of the question decided by the court. If the Criminal Court of Appeals adheres to that construction, and this court adheres to its opinion in the Shea case, *supra,* it is apparent that an important class of criminal offenses will go unpunished for want of a court to try them. If offenders of that class were proceeded against in the county court, the Criminal Court of Appeals would set them at liberty by *habeas corpus,* and, if they were proceeded against in the district court, this court would stop proceeding by prohibition. The avoidance of such a condition illustrates the wisdom of the policy of following the construction given to criminal statutes by the Criminal Court of Appeals.

As the cause sought to be prohibited is solely a criminal action, without overruling the Shea case we deny the writ, and dismiss the proceeding without prejudice, in order that the relator, if he sees fit, may present the matter to the Criminal Court of Appeals, so that the jurisdiction of county courts in misdemeanor

cases involving official misconduct may be passed upon by that court in a case wherein the question is directly involved.

TURNER, C. J., and HAYES, WILLIAMS, and DUNN, JJ., concur.