## STATE v. G. W. YOUNG et al.

No. A-3548.   Opinion Filed Jan. 16, 1922.
(203 Pac. 489.)

(Syllabus.)

**Counties—Jurisdiction in District Court to Try Charge of Misconduct of County Commissioners—Violation of Statute as Misconduct in Office.** Const. art 7, § 10, provides: "The district courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court."

Const. art, 7, § 12, provides that the county court shall not have jurisdiction "in any action against officers for misconduct in office."

Section 1652, Rev. Laws, provides: "Any county commissioner who shall fail to perform any duty required of him by law shall be fined in a sum not less than fifty nor more than one thousand dollars, or by imprisonment in the county jail not less

than thirty days nor more than one year, or by both such fine and imprisonment."

Held, under the constitutional provisions, the district court, and not the county court, has jurisdiction to try an indictment charging misconduct in office.

Held, further, that a violation of section 1652, supra, constitutes misconduct in office.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

G. W. Young, W. F. Whitson, and Ben Stephens were jointly indicted for official misconduct in office, and the county attorney moved to transfer the indictment to the county court. This motion was overruled, and the court ordered the indictment quashed and the defendants discharged, and the State appeals on a question reserved. Judgment of dismissal held final.

See, also, 20 Okla. Cr. 383, 203 Pac. 484, 490.

S. P. Freeling, Atty. Gen., W. C. Hall, Asst. Atty. Gen., R. R. Brown, Co. Atty., and John L. Hodge, Asst. Co. Atty., for the State.

J. A. Bass, Champion & George, Brett & Mathers, and Brown & Williams, for defendants in error.

DOYLE, P. J. G. W. Young, W. F. Whitson, and Ben Stephens, the duly elected, qualified, and acting members of the board of county commissioners of Carter county, were jointly indicted as such on a charge that they did willfully and unlawfully disregard the plan and profile approved by the department of highways of the state of Oklahoma in the construction of a bridge on section "J," mile "5," of the state highway in Carter county.

The county attorney moved to transfer the indictment to the county court. On the 11th day of January, 1919, the mo-

tion was overruled, and the court, W. F. Freeman presiding judge, ordered the indictment quashed, and that the defendants be discharged. Thereafter, on the motion of the county attorney, said indictment was transferred to the county court by order duly entered in the district court, Thos. W. Champion presiding judge. The defendants filed in the county court what they term "a plea to the jurisdiction of the county court" on grounds substantially as follows:

"First. That said district court has by an order not appealed from, which is a valid and binding order, quashed said indictment, and there is nothing before this court, in consequence thereof, to hear and determine.

"Second. That this court has no jurisdiction of this case, because article 7, § 12, of the Constitution, precludes county courts from trying any public officer for official misconduct in office, and article 7, § 10, of the Constitution confers on district courts jurisdiction to hear and determine all cases, except where exclusive jurisdiction is by the Constitution or by law conferred on some other court, and that the district court of Carter county is by the Constitution given exclusive jurisdiction to hear and determine this case."

The county court entered judgment sustaining this plea, and ordered that the defendants be discharged. The state reserved the question of jurisdiction, and appeals to this court under authority of the third division of section 5990, Rev. Laws.

The case is a companion case to that of G. W. Young et al. v. State, decided at this term, 20 Okla. Cr. 383, 203 Pac. 484, 490.

Section 10 of article 7 of the Constitution is as follows:

"The district courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court."

Section 12 of article 7, among other things, provides that the county court shall not have jurisdiction "in any action against officers for misconduct in office."

In Ex parte Moody, 3 Okla. Cr. 590, 108 Pac. 431, it is said:

"The prohibition contained in the Constitution against the exercise by the county court of jurisdiction in actions against officers for misconduct in office is not limited to actions for the removal of such officers from the position which they occupy on account of the official misconduct, but extends to and includes any and all actions against such officers for misconduct in office, it matters not what the nature of the action or the punishment inflicted may be."

And see State ex rel. v. Russell, 33 Okla. 141, 124 Pac. 1092.

The statute under which the indictment in this case is framed reads as follows:

"Any county commissioner who shall fail to perform any duty required of him by law shall be fined in a sum not less than fifty nor more than one thousand dollars, or by imprisonment in the county jail not less than thirty days nor more than one year, or by both such fine and imprisonment." Section 1652, Rev. Laws.

The offense defined by this section is a misdemeanor, and a violation of this section constitutes "misconduct in office."

The phrase "misconduct in office" includes any willful malfeasance, misfeasance, or nonfeasance in office. Bishop substantially defines "misconduct in office" in its penal sense as any act or omission in breach of a duty of public concern by one who has accepted public office, provided his act is willful and corrupt, and is not judicial. Bishop's New Crim. Law, pars. 459, 460.

Answering the question of jurisdiction submitted for our decision, therefore, we say the district court of Carter county, and not the county court of said county, had exclusive jurisdiction to try the indictment in this case.

The state not having appealed from the judgment of the district court of Carter county quashing the indictment in this case, said judgment of dismissal is a finality.

MATSON and BESSEY, JJ., concur.