**BARTON et al. v. HAIGHT, Co. Judge.**

No. 25215.   Nov. 20, 1934.

John T. Levergood, for plaintiff.

Reily & Reily, for defendant.

WELCH, J. This is an original action for writ of prohibition to restrain the county judge of Pottawatomie county from enforcing an alleged void judgment ousting the relators as members of the school board of consolidated school district No. 3 in said county. C. T. Barton and O. O. McMahan are relators, and W. M. Haight, as county judge of Pottawatomie county, state of Oklahoma, is respondent. The parties will be referred to as relators and respondent.

Certain taxpayers within the district filed a complaint against relators, with the county superintendent of the county, seeking to oust them as members of the board, for certain alleged acts constituting violations of their official duty, and misconduct in office. The county superintendent, upon hearing of the matter, denied the complaint, after which an appeal was taken to the county court, as provided by sections 6778 and 6779, O. S. 1931. Upon trial had de novo in the county court, judgment was rendered ousting the relators as members of such school board for the alleged misconduct in office, whereupon they have brought this action to prevent the enforcement of such judgment of the county court.

The primary question presented is whether or not the order and judgment of the county court is void for lack of jurisdiction. It appears conceded that the controversy was taken to the county court by appeal, as provided for by chapter 34, article 1, of the 1931 Session Laws, the pertinent portion thereof being found as sections 6778 and 6779, O. S. 1931. And it is relators' position that such act of the Legislature is unconstitutional and void in so far as it undertakes to clothe the county court with jurisdiction to determine controversies involving the removal of officials of such a school district for misconduct or malfeasance in office. It is urged that such jurisdiction cannot by legislative action be conferred upon the county courts of this state by reason of the provisions of article 7, section 12, of the Constitution, which provides in part as follows:

"* * * Provided, that the county court shall not have jurisdiction in any action for malicious prosecution, or in any action for divorce or alimony, or in any action against officers for misconduct in office. * * *"

As a necessary part of the determination of the constitutionality of the act as applied to the facts here, we first consider the question whether members of school boards of consolidated school districts are officers within the meaning of the quoted provision of the Constitution. It is respondent's contention that, as such school district officials are not elected under the provisions of the law providing generally for the election of county, city, and state officials, and inasmuch as their duties are confined to the conduct of school district affairs, they are not such officials as are contemplated by the constitutional provision which we are now considering. We call attention, however, to the fact that, although these officers are not elected by use of the state and county election machinery through which other public officials are elected, they are, nevertheless, elected by and in accordance with general state laws, which provide uniformly the manner and method for holding elections for the

naming of such officials. Their many and varied duties are provided by general laws. They owe a duty to the public, which duties are prescribed and fixed by the general laws, and they are dependent upon the will of the voters of the school district for their right to the office. No good reason has been shown why a person holding such office is not an officer within the meaning of such constitutional provision, and we know of none.

In Akin, Co. Supt., v. Harris, 138 Okla. 30, 280 P. 291, this court, while discussing the authority of the county superintendent in reference to removal of a school director, cited article 8, section 2, of the state Constitution in reference to removal of "elective officers." In that decision this court also quoted from Throop on Public Officers, and Mechem on Public Officers, thus clearly treating members of a school board as "officers."

In Alberty v. Parks, 128 Okla. 178, 261 P. 940, this court held in paragraph 3 of the syllabus in part as follows:

"The procedure for removing from office members of the school board is as provided by law for removal of officers generally. * * *"

In that case this court reaffirmed or stated the rule to be that when judicial procedure is resorted to for the removal of members of a school board, the procedure is by accusation returned by a grand jury, by accusation or action by the board of county commissioners, or by proceedings instituted by the Attorney General, as in the case of public officers generally.

We observe a number of authorities from other jurisdictions which would appear to entertain the same view as here expressed; among them we find Ogden v. Raymond (Conn.) 58 Am. Dec. 429, where the court uses the following language:

"School trustee, deriving his official character from general law and the election of the people of a given district, is as much a public agent as if he were the immediate agent of the state or of one of its political divisions."

And Hendricks v. State ex rel. Eckford (Tex. Civ. App.) 49 S. W. 705, where the court says:

"School districts, being subdivisions of a county, the trustee of a school district is a county officer, and may be removed from office under Rev. Stat. 1895, art. 3531, providing that all district attorneys, county judges, etc., and all other county officers may be removed from office by the judge of the district court for incompetency, official misconduct, etc."

The Supreme Court of Arkansas in Reiff et al. v. Redfield School Board et al., 191 S. W. 16, says:

"The board of school directors are public officers, within acts 1911. P. 464, sec. 2, providing for contractor's bond for those entering into contracts with public officers for the erection or improvement of public buildings."

We think both upon reason and the decided cases, we must conclude that such school district officers are "officers" within the terms and meaning of the quoted constitutional provisions.

We now consider whether or not the Legislature of the state may confer jurisdiction, appellate or otherwise, upon the county courts, in any action against such officers for misconduct in office.

The Criminal Court of Appeals of this state, in a very early case (Ex parte Moody, 3 Okla. Cr. 590, 108 P. 431), laid down the rule that a justice of the peace was without jurisdiction to try a misdemeanor prosecution against an officer for misconduct in office, because the above-quoted section of the Constitution prohibited the county court having jurisdiction of such an action, and because at that time the county court was the court to which appeals were allowed from the justice of the peace courts. In the body of the opinion that court said:

"The prohibition contained in the Constitution against the exercise by the county court of jurisdiction in actions against officers for misconduct in office is not limited to actions for the removal of such officers from the positions which they occupy on account of the official misconduct, but extends to and includes any and all actions against such officers for misconduct in office, it matters not what the nature of the action or the punishment inflicted may be. * * * Any statute attempting to give jurisdiction to the county courts * * * to try such cases would be unconstitutional and void. * * *"

Thereafter this court in State ex rel. Ikard v. Russell, Judge, 33 Okla. 141, 124 P. 1092, in deference to the cited opinion of the Criminal Court of Appeals, refused a writ of prohibition sought against a district court, and in the second paragraph of the syllabus therein laid down the rule in part as follows:

"The prohibition in Const. art. 7, sec. 12, against the exercise by the county court of jurisdiction in actions against officers for

misconduct in office, includes all actions against such officers for misconduct. * * *"

We think the question of jurisdiction of the county court in the instant case is determined by the prior decisions of this court as herein cited.

We cannot consider any claim of lack of wisdom of the constitutional provision under consideration. It plainly provides that the county court shall not have jurisdiction in any action against officers for misconduct in office. It therefore stands as an effective bar against any act of the Legislature conferring jurisdiction upon the county court to try such causes. If the Legislature could not confer upon county courts the original jurisdiction of such a cause, then it must follow that jurisdiction to try such a cause "de novo" on appeal from the county superintendent could not be conferred. The constitutional prohibition must be upheld, and as long as it stands, no jurisdiction may be conferred on the county courts in such cases.

Chapter 34, article 1, Session Laws 1931, being sections 6778, 6779, and 6780, O. S. 1931, purports to confer appellate jurisdiction upon the county courts of this state in actions against school district officers of the state for misconduct in office, with authority and jurisdiction in the county court to conduct de novo trials in such actions. To that extent that chapter of the Session Laws carried forward in those sections of O. S. 1931 is unconstitutional and void, since such jurisdiction cannot be conferred upon the county courts.

We therefore conclude that the judgment of the county court of Pottawatomie county here under consideration is null and void for want of jurisdiction in the court assuming to enter or render the same.

Some suggestion is made here that the writ of prohibition should not issue because the relators did not prosecute an appeal from the judgment of the county court of Pottawatomie county, suggesting that thereby they, had an adequate remedy at law. We have already shown that the judgment of such court is null and void for want of jurisdiction in the court to render the judgment, and such lack of jurisdiction is apparent on the face of the proceedings.

In the recent case of State of Oklahoma ex rel. Mrs. Sarah Cameron et al. v. Tom Jones et al., 165 Okla. 193, 25 P. (2d) 648, this court reaffirmed the following rule applicable in such case:

"Prohibition is the proper remedy where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it, or where the lack of jurisdiction is apparent on the face of the proceeding."

In Evans v. Willis, 22 Okla. 310, 97 P. 1047, Mr. Chief Justice Williams, in his opinion, uses the following applicable language:

"When it appears to the court having jurisdiction to issue the writ of prohibition that the lower court, under any conditions, is without jurisdiction to try the accused, upon the alleged information filed, with all the amendments permitted under the law considered as made, to require him to invoke the remedy of appeal, occasioning delay and necessitating a supersedeas bond, or resulting in his being confined in jail pending the determination of his appeal, when the same conclusion as to the lower court being without jurisdiction will be reached, would work an unnecessary and unreasonable hardship upon the accused."

"The writ of prohibition is awarded."

It is true that prohibition is not urged by any threat of imprisonment under a void judgment in this case, but the public interest in the immediate disposition of this cause, though a local public interest, presents a necessity for the issuance of the writ, at least as great as that noted in the Evans Case.

We, therefore, conclude that the writ of prohibition should issue from this court, prohibiting the respondent, W. M. Haight, as county judge of Pottawatomie county, state of Oklahoma, from proceeding further in the matter of the enforcement of the order and judgment of that court whereby it was sought to remove the relators here from office as members of the school board of consolidated school district No. 3, in said county, and further prohibiting said respondent from in any manner interfering with relators in the exercise of their official duties as members of such school board, by virtue of such judgment and decree.

The said county court shall take no further action in said cause, except to order the judgment vacated for lack of jurisdiction.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur. BAYLESS, J., absent.