## ESTES v. CRAWFORD, District Judge.

No. A-9195.   Sept. 8, 1936.
(60 Pac. 2d 799.)

Geo. C. Crump, for petitioner.

The Attorney General and Jess L. Pullen, Asst. Atty. Gen., for respondent.

DOYLE, J.   This is an application for writ of prohibition for the purpose of prohibiting the district court of Hughes county and Tal Crawford, as judge thereof, from proceeding further in the trial of an information filed in said district court wherein petitioner and others are jointly charged with making false returns.   Omitting formal parts, said information is as follows:

"Now comes Lee Warren Crutcher, the duly qualified and acting county attorney in and for Hughes county, state of Oklahoma, and gives the district court of Hughes county and state of Oklahoma to know and be informed that O. B. Harmon, W. P. Estes and S. L. Wooley did, in

Hughes county, and the state of Oklahoma, on or about the 7th day of July, in the year of our Lord one Thousand nine hundred and 36, and anterior to the presentment, hereof, commit the crime of making fale returns in the manner and form as follows, to wit:

"That at the time and in the county and state aforesaid O. B. Harmon, W. P. Estes, and S. L. Wooley, being then and there counters in Stuart precinct, Hughes county, Okla., and acting together, did willfully, wrongfully, unlawfully, fraudulently, corruptly, knowingly and feloniously issue a false certificate of the returns of the primary election held in Stuart precinct in Hughes county, state of Oklahoma, in the following particulars, to wit: That in the race for State Senator for the State Senatorial District the votes actually cast for the three candidates running for said office were as follows:

"That Don Wilbanks actually received 130 votes;

"That W. N. Barry actually received 69 votes; and

"That C. H. Baskin actually received 6 votes;

—whereas, the certificate of returns issued by the said O. B. Harmon, W. P. Estes, S. L. Wooley, and signed by them and each of them fraudulently, corruptly and feloniously showed that Don Wilbanks received 100 votes; that W. N. Barry received 102 votes; and that C. H. Baskin received 10 votes, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state.

"L. W. Crutcher,

"County Attorney."

Upon the filing of the petition the respondent interposed a demurrer thereto on the grounds that said petition does not state facts sufficient to entitle the relator to a writ of prohibition, or to the relief prayed for.

The cause was submitted on the petition and the demurrer thereto. The record shows that to this informa-

tion said defendants filed a motion to quash and interposed a demurrer thereto on the ground that said district court had no jurisdiction of the offense charged or attempted to be charged therein against said defendants, which motion and demurrer were overruled by the court and exceptions reserved. Thereupon the cause was duly assigned and set for trial in said court.

It is averred in said petition that:

"The said district court and the said Hon. Tal Crawford, as the judge thereof, has no power or authority to hear, try and determine the said charge alleged in said information, and has no power or authority to assess or inflict any punishment in said cause, and the said information does not charge any offense the subject-matter of which is within the jurisdiction of said district court; that said charge and information do not charge a felony, but only a misdemeanor and if triable at all, is within the jurisdiction of the county court of Hughes county; that said information is void; that the proceedings and orders thereunder made by the said judge thereof are void; the holding of this petitioner to answer and stand trial on said information and charges in said court is illegal and absolutely void, and said proceedings are oppressive and unnecessarily vexatious and can finally result only in a void proceeding if permitted to go on.

"Your petitioner further states that the information charging this petitioner, W. P. Estes, also includes O. B. Harmon and S. L. Wooley; that there are two informations filed in the district court of Hughes county, Okla., charging the defendants therein with making false election returns in the State Senator's race and in the sheriff's race, and the same will be tried separate and distinct from each other; several jurors will be called in said causes and in every respect the expense to the trial and to the defense of the crime charged will have to be undergone in each and all of said prosecutions, and the expense

incident to each trial by the defendant therein will have to be made by him in each separate case.

"Your petitioner further states that he has no adequate remedy at law by appeal that the ordinary remedy by appeal is not adequate in this: that it would entail, if a conviction thereof should be had, the expense and vexation of a trial in the court which the petitioner believes and therefore alleges would have no jurisdiction, and the expense and annoyance of a trial, and the preparation of an appeal in these cases would entail a large expenditure of money that never could be recovered by this petitioner and would necessarily be a waste of time and money which would be entirely lost to this petitioner herein and to the state of Oklahoma in the prosecution of said causes."

The motion to quash and the demurrer to the information were on the grounds:

"That said information does not charge any offense, the subject matter of which is within the jurisdiction of the district court, and does not charge a felony but only a misdemeanor, and if triable at all is within the jurisdiction of the county court of Hughes county."

Counsel for petitioner contends that the information in this case is based on the Penal Code (St. 1931, sec. 2034), which reads:

"Every judge of any election, member of any board of canvassers, messenger or other officer authorized to take part in or perform any duty in relation to any canvass or official statement of the votes cast at any election, who willfully makes any false canvass of such votes, or makes, signs, publishes or delivers any false return of such election, knowing the same to be false, or willfully defaces, destroys or conceals any statement or certificate entrusted to his care, is guilty of a misdemeanor."

And that upon the authority of Warner v. Mathews, District Judge, 11 Okla. Cr. 122, 143 Pac. 516, the dis-

trict court is without jurisdiction to try misdemeanors, whether they involve official misconduct or not.

Prohibition is an extraordinary writ, and cannot be resorted to when the ordinary and usual remedies provided by law are available. It will only issue where an inferior tribunal does not have jurisdiction or assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force. Jeter v. District Court, 87 Okla. 3, 206 Pac. 831.

Appellate courts should not interfere by writ of prohibition with the trial of causes where the trial court has jurisdiction of the subject matter and the person of the defendant; but such trial court should be permitted to proceed to judgment, and any irregularities should only be reviewed upon appeal. Corley et al. v. Adair County Court, 10 Okla. Cr. 104, 134 Pac. 835.

Section 10 of article 7 of the Constitution defines the jurisdiction of district courts. We quote a part of said section 10 as follows:

"The district courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court, and such appellate jurisdiction as may be provided in this Constitution, or by law."

Section 12 of article 7 defines the jurisdiction of county courts. We quote a part of said section 12 as follows:

"The county court, co-extensive with the county, shall have original jurisdiction in all probate matters, and until otherwise provided by law shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding $1,000, exclusive of interest: Provided, that the county court shall not have jurisdiction in any action

for malicious prosecution, or in any action for divorce or alimony, or in any action against officers for misconduct in office. * * *

"The county court shall have jurisdiction concurrent with justices of the peace in misdemeanor cases, and exclusive jurisdiction in all misdemeanor cases of which justices of the peace have not jurisdiction."

It is insisted that since a violation of section 2034, supra, is declared by its provisions to be a misdemeanor, jurisdiction of any violation thereof is conferred upon the county court exclusively.

With this contention we do not agree. It is our opinion that the Constitution confers original jurisdiction of all such offenses, whether felony or misdemeanor, upon the district court. And the constitutional prohibition in article 7, sec. 12, against the exercise by the county court of jurisdiction in actions against officers, includes all actions against such officers for misconduct, and jurisdiction over such proceedings is in the district court.

In Ex parte Moody, 3 Okla. Cr. 590, 108 Pac. 431, 432, it is said:

"The prohibition contained in the Constitution against the exercise by the county court of jurisdiction in actions against officers for misconduct in office is not limited to actions for the removal of such officers from the positions which they occupy on account of the official misconduct, but extends to and includes any and all actions against such officers for misconduct in office, it matters not what the nature of the action or the punishment inflicted may be. * * * Any statute attempting to give jurisdiction to the county courts or justices of the peace to try such cases would be unconstitutional and void. Such jurisdiction is in district courts."

And see State ex rel. v. Russell, District Judge, 33 Okla. 141, 124 Pac. 1092.

In the case of State v. Young, 20 Okla. Cr. 383, 203 Pac. 484, 487, this court said:

"We find no reason to doubt the correctness of the rule announced in the Moody Case."

In our opinion the holding of this court in Warner v. Mathews, 11 Okla. Cr. 122, 143 Pac. 516, and McDaniel v. Brown, 16 Okla. Cr. 149, 181 Pac. 156, on this question, should not be followed, and we hereby expressly overrule the same as inconsistent with and contrary to the sections of article 7 of the Constitution hereinbefore quoted.

It appearing that the information in this case charges the defendants as election officers with misconduct in office, the jurisdiction over such proceedings is in the district court.

For the reasons stated, the writ of prohibition is denied.

DAVENPORT, J., concurs. EDWARDS, P. J., absent and not participating.