The STATE of Oklahoma, Petitioner,

v.

The Honorable James BLEVINS, District Judge of Oklahoma County, State of Oklahoma, Respondent.

No. O–91–302.

Court of Criminal Appeals of Oklahoma.

Feb. 11, 1992.

Rehearing Denied March 10, 1992.

As Corrected April 13, 1992.

## ORDER

On April 11, 1991, petitioner, by and through Robert H. Macy, District Attorney for Oklahoma County, filed with this Court an application to assume jurisdiction and to issue a writ of prohibition and/or mandamus concerning Case No. CF–89–4717 in the District Court of Oklahoma County. Petitioner seeks an order directing respondent to sustain the State's motion for discovery and thereby comply with and uphold *Allen v. District Court of Washington County,* 803 P.2d 1164 (Okl.Cr.1990). This Court stayed the proceedings in the district court and called for a response from either respondent or the real parties in interest. The defendants in the case pending in Oklahoma County filed a response brief on May 8, 1991. On that same date, this Court permitted the Oklahoma Criminal Defense Lawyers Association to file a brief as amicus curiae. On September 19, 1991, this Court heard oral arguments from all parties on this matter.

As to issues pertaining to criminal law, holdings and rulings of this Court are binding on all lower courts of this State. *This Court is the court of last resort in criminal cases.* Okla. Const. art.

7, § 4; 20 O.S.1981, § 40; *Jean v. State,* 49 Okl.Cr. 409, 295 P. 233 (1931). We agree with petitioner that respondent has exceeded his authority by not following our holding in *Allen,* and such conduct will not be condoned by this Court. *Cf. Rodriguez de Quijas v. Shearson/American Exp., Inc.,* 490 U.S. 477, 483–84, 109 S.Ct. 1917, 1921–22, 104 L.Ed.2d 526, 536 (1989).

The respondent District Judge exceeded his authority by finding the *Allen* order to be unconstitutional. Trial judges are entitled to have their own opinions concerning a particular order or opinion of the Court of Criminal Appeals. However, they are required to follow the opinions and orders of this Court until we find it necessary to overrule those opinions or orders.

The United States Supreme Court recently stated, "If a precedent of [the United States Supreme Court] has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [lower court] should follow the case which directly controls, leaving to [the United States Supreme Court] the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/American Exp., Inc.,* 490 U.S. at 483–84, 109 S.Ct. at 1921–22, 104 L.Ed.2d at 536 (1989). Likewise, the decisions of the Court of Criminal Appeals must be upheld by the lower state courts, until such time as this Court sees fit to overrule those decisions or the United States Supreme Court does so.

Not only does the Oklahoma Constitution set forth the jurisdiction of this Court, Okla. Const. art. 7, § 4, but the Supreme Court of the State of Oklahoma has long recognized such an authority. The Supreme Court has heretofore held that this Court has exclusive appellate jurisdiction in criminal cases. The Supreme Court noted that the framers of the Oklahoma Constitution had such a dual court policy in mind when they talked about the jurisdiction of the Court of Criminal Appeals and said that such Court would have "exclusive appellate jurisdiction in criminal cases". *Ex parte Meek,* 165 Okl. 80, 25 P.2d 54 (1933). The Court also noted that it was a settled policy

of the Supreme Court to follow the Constitution and to give the Court of Criminal Appeals exclusive jurisdiction as it pertains to construction of criminal statutes. *Ikard v. Russell*, 33 Okl. 141, 124 P. 1092 (1912).

Therefore, this Court finds and orders that the order of the 5th day of April, 1991, by James B. Blevins, Judge of the District Court of Oklahoma County, Oklahoma, is hereby overruled and set aside. More particularly, his findings that this Court exceeded its authority in its earlier order of *Allen v. District Court of Washington County*, 803 P.2d 1164 (Okl.Cr.1990) and that he was not bound by same is pure error. It is the further order of this Court that our previous order in *Allen* was not unconstitutional nor did it violate or exceed the authority of the Court of Criminal Appeals and more specifically that the District Court of Oklahoma County or the district court of any other county in the State of Oklahoma does not have authority to overrule a decision by the Court of Criminal Appeals of the State of Oklahoma. It is the order of this Court that the district courts of this State must comply with the orders of this Court. Therefore, the application to assume original jurisdiction on the writ of mandamus or alternatively, the writ of prohibition is granted and that a writ of prohibition is hereby directed to the Honorable James B. Blevins, District Judge of Oklahoma County, State of Oklahoma, from enforcing the provisions of his order dated April 5, 1991. The stay on CF–89–4717 is hereby lifted and the trial on this case may proceed.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge
concurs in part,
dissents in part.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Ed Parks
ED PARKS,
Judge
concur in results.

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge

LANE, Presiding Judge, concurring in part/dissenting in part.

I agree with the majority when it finds that a trial judge must follow the decisions of this Court until we modify or nullify them. However, I dissent to the majority's re-affirming the constitutionality of *Allen v. District Court of Washington County*, 803 P.2d 1164 (Okl.Cr.1990) for the same reasons I expressed therein.

PARKS, Judge, concurring in results:

I agree that district courts are without authority to declare decisions of this Court unconstitutional and, correspondingly, that Judge Blevins should be prohibited from enforcing his April 5, 1991, order. However, I cannot join in the majority's statement "that our previous order in *Allen* was not unconstitutional nor did it violate or exceed the authority of the Court of Criminal Appeals...." In its application before this Court, the State sought a writ of mandamus and/or prohibition requesting that Judge Blevins be prohibited from enforcing his order. The application urged that the State was entitled to discovery pursuant to *Allen*, that Judge Blevins refused to order discovery, and that no other relief was adequate. *See* 22 O.S.Supp.1989, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 10.6. The petition did not discuss the constitutionality of *Allen*, nor did it argue that this Court properly exercised its authority when we issued said order. Therefore any discussion of *Allen*'s constitutionality, or of this Court's authority exercised therein, is unnecessary to the outcome of this case and should be considered dicta.